[No. 20,009.  In Bank.—January 29, 1885.]

THE PEOPLE, RESPONDENT, v. WILLIAM H. BEAM, APPELLANT.

CRIMINAL LAW—SETTING ASIDE INFORMATION.—An information will not be set aside on the ground that it was not based on any charge for which the defendant had been held to answer, where the record shows that all the preliminary steps were regular, and such as to warrant the district attorney in filing the information.

ID.—ASSAULT WITH A DEADLY WEAPON WITH INTENT TO MURDER.—An information which charges an assault by the defendant with a deadly weapon with intent to murder, does not charge two offenses.

ID.—CONTINUANCE AFTER COMMENCEMENT OF TRIAL—ABSENCE OF WITNESS.—Where the trial of a criminal case has commenced, the refusal of the court to grant a continuance on account of the absence of a material witness for the defendant, who had been duly subpœnaed, is not error, if no cause is shown why the application for continuance was not sooner made.

ID.—ASSAULT COMMITTED IN PASSION—KNOWLEDGE THAT ACT WAS WRONG.—In a prosecution for an assault with a deadly weapon, with intent to commit murder, if the evidence shows that the defendant, at the time of the assault, was so far in possession of his mental faculties as to be capable of knowing that the act constituting the assault was wrong, any particular defect of understanding which might cause him more readily to give way to passion than a man ordinarily reasonable cannot be considered by the jury for any purpose.

APPEAL from a judgment of the Superior Court of Del Norte County.

The defendant was convicted of the crime of assault with a deadly weapon, with intent to commit murder. The facts are sufficiently stated in the opinion of the court.

*L. F. Cooper*, and *Grove L. Johnson*, for Appellant.

The court erred in refusing to set aside the information, for the reason that it was not based upon any charge upon which the defendant had been held to answer. (White & George's Penal Code, §§ 217, 245, and notes.) The information charged two offenses. (Penal Code, §§ 217, 245, 950, 952). A continuance should have been granted. (Penal Code, § 1052; *People v. Diaz*, 6 Cal. 248; *People* v. *Dodge*, 28 Cal. 445; *People* v. *McCrory*, 41 Cal. 458; *People* v. *Thompson*, 4 Cal. 241; *People* v. *Quincy*, 8 Cal. 89; *People* v. *Gaunt*, 23 Cal. 156; *People v. Williams*, 24 Cal. 31; *People* v. *Mellon*, 40 Cal. 648; *People* v. *Ashnauer*, 47 Cal. 98; *People* v. *Ah Fat*, 48 Cal. 63.)

*Attorney General Marshall,* for Respondent.

The information does not charge two offenses. (*People* v. *Congleton,* 44 Cal. 92; *People* v. *Lightner,* 49 Cal. 226.) The motion for a continuance was properly denied, as it was not made until after the trial had commenced, and due diligence was not used in procuring the deposition of the absent witness. (Penal Code, § 1336.)

MORRISON, C. J.—The information charges the defendant with the crime of an assault with a deadly weapon, with intent to murder, committed as follows: " The said William H. Beam, on or about the 10th day of May, A. D. 1884, at the county of Del Norte, State of California, in and upon one Samuel Winton, then and there being, an assault did make with a deadly weapon, with intent then and there the said Samuel Winton unlawfully, willfully, feloniously, and of his malice aforethought to kill and murder, contrary to the form of the statute," etc.

The first point made in appellant's brief is, " that the court erred in refusing to set aside the information in said action on the motion of defendant, for the reason that the said information was not based on any charge for which the said defendant has been held to answer."

It appears in the transcript, that a complaint was duly made against the defendant before one D. S. Sartwell, a justice of the peace, charging the defendant with the crime alleged in the information; witnesses were examined before said magistrate, and the defendant was held to answer the charge by the justice of the peace, on the 19th day of May, 1884. The information was filed by the district attorney on the 27th day of the same month. So far as the record shows, the preliminary steps were regular, and such as to warrant the district attorney in filing the information. (Penal Code, § 809.) There was no error in denying the motion to set aside the information on the ground upon which the motion was made.

The next alleged error is " that the court erred in overruling the demurrer filed in said action, for in this information two offenses were definitely charged against the defendant." We are unable to discover from the information what the two offenses

are, and defendant's attorney has failed to point them out in his
brief.   The information charges an assault by the defendant on
one Samuel Winton, with a deadly weapon, with intent to mur-
der, and there is no other crime charged in it.   The information
is good, and sufficient under the code.   The demurrrer was,
therefore, properly overruled.

The next point made is " that the court erred in refusing de-
fendant a continuance in the case."   The defendant, in support
of his motion for a postponement of the trial, made an affidavit
showing that one Zadok Harris was an important and  material
witness for him on the trial of the case ; that Harris had been
duly subpœnaed, but was not in attendance; and that, therefore,
the defendant could not safely proceed with the trial of the
case.   The motion was denied, and the ruling of the court be-
low on this application is assigned as error.   The record shows
that the case was set down for trial on a certain day, with the
consent of the defendant, and there was sufficient time  between
that day and the day fixed for the trial, for the defendant to
have taken the deposition of the absent witness, under section
1336 of the Penal Code.   The witness was sick, suffering from
the effects of a serious gun-shot wound, and there is no doubt
that his deposition could have been taken by the defendant un-
der the foregoing section of the code.   No attempt was made to
procure his deposition; and the attorney general insists that
such failure constituted such want of proper diligence as justi-
fied the court in denying defendant's motion for a postponement
of the trial.

But there is another ground upon which we think the action
of the court may be properly sustained.   Section 1433 of the
Penal Code provides that *before* the commencement of the trial
either party may, upon good cause shown, have a reasonable
postponement thereof ; and section 1052 of the same code pro-
vides that when an *action is called for trial* or at any time *pre-
vious* thereto, the court may, upon sufficient cause, direct the
trial to be postponed until another day.   The record in this case
shows that no application for a postponement was made when
the case was called for trial, or at any time previous thereto ;
but it was made after a jury had been selected and sworn to try
the case, and after evidence had been introduced on behalf of

the prosecution.   No cause whatever is shown why the application was not made sooner, and we do not think the court was bound under defendant's showing to grant his motion for a postponement.   The point is, therefore, held not to be well taken.

The fourth and last point made on the appeal challenges the action of the court below, in modifying the eighth instruction asked by defendant, and giving it in its modified form.   The instruction, which it is claimed was correct, and should have been given in the language in which the same was asked, was as follows :

" If Samuel Winton had made an attempt on the chastity of the sister of the defendant when she was eleven years of age, and she first on the morning of the difficulty between the defendant and Winton informed her brother of said attempt, and if the jury believe that the information thus conveyed to him was followed by great anger, and that such provocation would be sufficient to stir the resentment of a reasonable man, then I charge you that you may take such provocation into your consideration in fixing the degree of the guilt of the defendant."

The court modified the instruction by adding the following :

" But if the defendant was so far in possession of his mental faculties as to be capable of knowing that the act of shooting was wrong, any partial defect of understanding which might cause him more readily to give way to passion than a man ordinarily reasonable cannot be considered for any purpose."

The instruction thus modified was given, and we see no error in the action of the court of which defendant can complain. The instruction requested by defendant was too favorable to him, and was properly refused in the language in which the same was asked.

No error appears in the record calling for a reversal, and the judgment is therefore affirmed.

SHARPSTEIN, J., MYRICK, J., THORNTON, J., and MCKEE, J., concurred.