[No. 21200.   Department Two.—August 5, 1895.]

# THE PEOPLE, RESPONDENT, v. J. G. LEYSHON, APPELLANT.

CRIMINAL LAW—FORGERY—INFORMATION—SINGLE OFFENSE.—An information charging a defendant with the crime of forgery of a note, and also with the crime of passing the forged note, states but a single offense, and is not demurrable upon the ground that it charges two offenses.

ID.—SERIES OF ACTS CONSTITUTING OFFENSE.—Where, in defining an offense, the statute enumerates a series of acts, either of which separately, or all together, may constitute the offense, all such acts may be charged in a single count, and, notwithstanding each act may by itself constitute the offense, all of them together do no more.

ID.—CONTINUANCE—DISCRETION.—The granting or refusing of a continuance in a criminal case is a matter in which much must be left to the discretion of the trial court, and it is only in cases where it is apparent that such discretion has not been wisely exercised that this court will reverse its action.

ID.—CONTINUANCE FOR ABSENCE OF WITNESS—INSUFFICIENT SHOWING.—Where a second continuance is asked for upon the ground that a witness for the defendant, whose deposition was taken upon the preliminary examination, is absent from the state, and beyond the jurisdiction of the court, it should be made to appear with reasonable certainty that the witness will return to the jurisdiction within such reasonable time as to prevent an unusual delay in the trial of the cause, and upon a showing merely that the defendant is informed that the witness will return, without giving the sources of his information, or assigning reasons for his belief, the court in its discretion may refuse the continuance.

ID.—ADMISSION BY PROSECUTION—DEPOSITION AT PRELIMINARY EXAMINATION.—Upon an application for a continuance for the absence from the state of a witness whose deposition was taken at the preliminary examination, the prosecution cannot be required to admit the deposition as absolutely true, and no other or different credence is required to be given to it than is accorded to the sworn testimony of witnesses who appear personally in court.

ID.—REVIEW OF CONFLICTING EVIDENCE.—Where there is a conflict in the evidence as to whether the defendant had authority, or supposed he had authority, to sign the names to the note alleged to be forged, a verdict of guilty of the forgery cannot be set aside upon appeal.

ID.—ABSENCE OF AUTHORITY AS TO ONE FORGED NAME—SUPPORT OF VERDICT—REVIEW UPON APPEAL.—Where there is no evidence to show any authority or belief of authority to sign the name of one of two persons, whose names were signed by the defendant to the note alleged to have been forged, the forgery of such name is sufficient to uphold a verdict of conviction of forgery, and rulings of the court upon the admission and rejection of testimony touching the business relations existing between the defendant and the other person whose name was signed to the note by him, and from whom he claimed to have authority, need not be considered upon appeal from a judgment of conviction.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.   B. N. SMITH, Judge.

The facts are stated in the opinion.

*Zue G. Peck,* and *John H. Foley,* for Appellant.

The demurrer to the information should have been sustained, upon the ground that it charged two offenses. (Pen. Code, sec. 470.)   The continuance should have been granted, as defendant was entitled to the oral testimony of the absent witness.   The prosecution should have admitted the truth of the facts absolutely.   (*People* v. *Diaz,* 6 Cal. 248, 250.)   The evidence of the absent witness was material.   One who puts the name of another to a note, believing from the course of their dealing that he has authority to do so, is not guilty of forgery, though he actually had no such authority. (3 Lawson's Criminal Defenses, 566; *Rex* v. *Forbes,* 7 Car. & P. 224; *Reg.* v. *Beard,* 8 Car. & P. 143; *Parmelee* v. *People,* 8 Hun, 623; 8 Am. & Eng. Ency. of Law, 459.)

*Attorney General W. F. Fitzgerald,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

The demurrer to the information was properly overruled. (*People* v. *Frank,* 28 Cal. 513; *People* v. *De la Guerra,* 31 Cal. 459; *People* v. *Harrold,* 84 Cal. 567; *People* v. *Gosset,* 93 Cal. 641.)   The showing made by defendant's affidavit was insufficient. (*People* v. *Francis,* 38 Cal. 188; *People* v. *Ah Yute,* 53 Cal. 613; *People* v. *De Lacey,* 28 Cal. 589; *People* v. *Jocelyn,* 29 Cal. 562.) The court had discretion as to the granting or refusing of the continuance, and did not abuse it.   (*Musgrove* v. *Perkins,* 9 Cal. 212; *Kneebone* v. *Kneebone,* 83 Cal. 645; *Barnes* v. *Barnes,* 95 Cal. 177.)   The right to introduce the deposition of an absent witness is given by the code, and did not exist prior to the adoption of the code, and this makes a change in the rules before existing as to an absent witness.   (Pen. Code, sec. 686; *People* v. *Francis, supra.*)   There is nothing in the code to

indicate that the deposition of an absent witness will stand on any higher plane as to verity than any other testimony of any other witness, and, under the code, the prosecution is not required to admit the absolute truth of the deposition of an absent witness. (Pen. Code, secs. 686, 869, 1345, 1362.)

SEARLS, C.—Information for forgery. The defendant was charged with having forged the name of Mrs. Maggie Henry and Eliza J. Clark to a certain promissory note, set out in the information, with intent to defraud one A. J. Graham, and to have knowingly, willfully, feloniously, etc., uttered, passed as true and genuine, the said promissory note, with intent to defraud said A. J. Graham, etc.

Defendant demurred to the information upon the ground that it charges two offenses, viz., the crime of forgery committed April 23, 1894, and also the crime of passing a forged note on the twenty-fourth day of April, 1894.

The demurrer was overruled and the ruling is assigned as error.

Section 470 of the Penal Code provides that: "Every person who, with intent to defraud another, falsely makes, alters, forges, or counterfeits any . . . . note, . . . . or utters, publishes, passes, or attempts to pass, as true and genuine, any of the above-named false, altered, forged, or counterfeited matters, as above specified and described, knowing the same to be false, altered, forged, or counterfeited, with intent to prejudice, damage, or defraud any person, . . . . is guilty of forgery."

As was said in *People* v. *Frank*, 28 Cal. 507: "Where, in defining an offense, a statute enumerates a series of acts, either of which separately, or all together, may constitute the offense, all such acts may be charged in a single count, for the reason that, notwithstanding each act may by itself constitute the offense, all of them together do no more, and likewise constitute but one and the same offense."

To like effect are *People* v. *De la Guerra*, 31 Cal. 459; *People* v. *Harrold*, 84 Cal. 567; *People* v. *Gosset*, 93 Cal. 641; *People* v. *Smith*, 103 Cal. 563.

The information charged but one offense, and the demurrer was properly overruled.

The second error assigned relates to the action of the court in refusing a continuance upon the application of defendant.

The record shows that the cause was originally set down for trial on the twenty-ninth day of August, 1894. On the last-named day a continuance was asked by defendant upon the ground of the absence of August Wodecki, a witness on behalf of defendant, who had been duly subpœnaed, and the cause was continued by the court to October 26, 1894.

On the last-named day the cause was again called for trial, whereupon counsel for defendant moved for a continuance until January 15, 1895, on account of the absence of the said witness, August Wodecki, who was shown by affidavit to have left the state of California and to be at Phœnix, Arizona, and from which place, the affiant *is informed*, he will return to Los Angeles on or about January 10, 1895.

The witness in question testified on the preliminary examination of defendant, and his deposition there taken is referred to in the affidavit and made a part thereof.

The substance of the showing was that Mrs. Maggie J. Henry, one of the persons whose name was charged to have been forged by defendant, had employed said defendant to transact for her various matters of business, and had declared the latter to be her adviser and the manager of her outside business, etc.

The affidavit also showed that upon the failure of the witness to attend court in August, a writ of attachment had issued against him, but was never served.

The court overruled the motion for a continuance, giving as a reason therefor that it was not satisfied " that the witness will ever be back here, or that he has not gone permanently from the state, " and held that

the defendant was entitled to use the deposition taken upon the preliminary examination in his favor, as evidence in the case.

Counsel for defendant contended that the prosecution should not only admit the deposition in evidence, but that the facts stated therein should be conceded to be absolutely true. This was not conceded by the prosecution, and the contention of appellant is, that under such circumstances, it was error to deny the continuance.

The granting or refusing a continuance in a criminal case is a matter in which much must be left to the discretion of the trial court, and it is only in cases where it is apparent that such discretion has not been wisely exercised that this court will reverse its action.

Where, as in this case, a second continuance is asked for upon the ground that a witness for the defendant is absent from the state, and hence beyond the jurisdiction of the court, it should be made to appear with reasonable certainty that the witness will return to the jurisdiction within such reasonable time as to prevent an unusual delay in the trial of the cause.

The showing here, as to the return of the witness, is only that defendant is *informed* he will return. The sources of defendant's information are not given, and no reasons are assigned for his belief that he will return, if such be entertained.

Indeed, it is not stated in the affidavit that defendant believed the witness would return, but only that he was *so informed*. Under such circumstances no surprise is felt that the court below failed to be convinced that the presence of the witness would be secured by a continuance. (*People* v. *Ashnauer*, 47 Cal. 98; *People* v. *Francis*, 38 Cal. 188; *People* v. *Ah Yute*, 53 Cal. 613.)

The contention of appellant, that the deposition of Wodecki, taken at the preliminary examination of defendant, should have been admitted as *absolutely true*, cannot be maintained.

Under section 686 of the Penal Code, the depositions of witnesses taken as therein provided for at the pre-

liminary examination may be read at the trial upon its being satisfactorily shown to the court that the witness is dead or insane, or cannot with due diligence be found within the state. (*People* v. *Curtis*, 50 Cal. 95.)

These depositions, like those taken on behalf of the defendant conditionally and in cases where witnesses are without the state, are to be taken subject to like objections to the questions and answers contained therein, as if the witness had been examined orally in court. (Pen. Code, sec. 1345.) There is nothing in the code requiring other or different credence to be given to them than is accorded to the sworn testimony of witnesses who appear personally in court.

This question is not regarded as being of much importance in the present case, for the reason that the showing was not sufficient to call for a continuance had there been no deposition in the case.

The verdict cannot be set aside for the want of evidence in its support.

The making of the promissory note by defendant, and the signing by him of the names of Mrs. Maggie Henry and Eliza J. Clark thereto, was admitted repeatedly during the trial.

The defense interposed was that the business relations between defendant and the two women whose names appeared upon the note were such that defendant either had authority, or supposed he had authority, to sign their names thereto. As to Mrs. Maggie Henry, there was evidence tending to show some foundation for the position assumed by defendant; but there was a conflict in the evidence on this point, and upon well-recognized principles the verdict cannot, under such circumstances, be set aside for such cause.

As to the name of Eliza J. Clark, signed by defendant, we find in the record not an iota of evidence tending to show in the defendant any authority, or ground upon which to found a belief of authority, to use her name upon the promissory note. As to her the case presented

a bald case of forgery not relieved by any pretext worthy of consideration.

The proof that defendant forged the name of Eliza J. Clark to the promissory note described in the informa- tion is sufficient alone to uphold the verdict, and for that reason the several rulings of the court upon the admission and rejection of testimony touching the busi- ness relations existing between defendant and Mrs. Maggie Henry need not be considered, for, if erroneous, such rulings do not, under the circumstances, call for a reversal.

The other errors assigned are either unimportant or unfounded.

The judgment and order denying defendant's motion for a new trial, from which he appeals, should be af- firmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying defendant's motion for a new trial, from which he appeals, are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.