[Crim. No. 142. Second Appellate District.—December 16, 1909.]

## THE PEOPLE, Respondent, v. CHARLES R. SWAILE, Appellant.

CRIMINAL LAW—DEPOSITING NITRO-GLYCERINE EXPLOSIVE NEAR DWELL-
ING—PARTICULAR EXPLOSIVE—INFORMATION—CERTAINTY.—An in-
formation under section 601 of the Penal Code, charging the de-
fendant with depositing at, in or near a certain dwelling-house,
upon the porch thereof "a certain nitro-glycerine explosive, com-
monly known as dynamite or giant powder," is not uncertain as to
the explosive charged. The statement of "nitro-glycerine explosive"
alone would be certain within the meaning of the statute; and the
addition of particular nitro-glycerine explosives did not make it less
certain, when according to the expert evidence they are the same
nitro-glycerine compound, and the two terms are mentioned as
synonymous by some lexicographers.

ID.—INTENT· CHARGED CONJUNCTIVELY—DUPLICITY—INSTRUCTION.—The
information was not bad for duplicity because alleging conjunctively
the intent then and there "to injure, intimidate and terrify" certain
human beings named; and it was proper for the court to charge the
jury that evidence showing an intent either to injure, or to intimi-
date or to terrify either of the persons named in the information,
was sufficient to sustain a conviction.

ID.—ABSENCE OF BASIS FOR ELECTION.—Where the information is so
drawn that a conviction may be had upon any one of several alleged
violations of the law charged conjunctively, there is no basis for an
election; and it is not error for the court to refuse to require an
election by the prosecution.

ID.—GENERAL RULE AS TO CONJUNCTIVE CHARGES.—Where, in defining
an offense, a statute enumerates a series of acts, either of which
separately, or all together, may constitute the offense, all such acts
may be charged in a single count, for the reason that notwithstand-
ing each may constitute an offense, all of them together do no more,
and likewise constitute but one and the same offense.

ID.—EVIDENCE—UNSEALED LETTER FROM DEFENDANT TO WIFE—CONFES-
SION—CUSTODY OF OFFICER—COMMUNICATION NOT PRIVILEGED—WIFE
NOT WITNESS.—An unsealed and uninclosed letter from defendant
to his wife stating a confession of the offense charged, delivered by
him to an officer to be shown to the wife, and redelivered by her
to the officer at his request, and who kept the same in his custody,
was admissible in evidence against the defendant, and is not
objectionable as being a privileged communication either under sec-
tion 1881 of the Code of Civil Procedure, or under section 1322 of

the Political Code, the wife not having been called or examined as a witness against her husband.

Id.—Illegal Obtaining of Letter Immaterial.—If it be conceded that the final custody of the letter was illegally obtained by the officer, this would not operate to exclude it from evidence, either on the ground that it was a privileged communication or that the evidence was self-incriminating; and the unlawful obtaining of the document which was pertinent to the issue as to the defendant's guilt was no valid objection to its admissibility.

Id.—Foundation for Confession—Proof of Corpus Delicti—Discretion—Order of Proof.—It is held that the order of proof of the confession and *corpus delicti* was in the discretion of the court; but that a sufficient foundation was laid for the admission of the confession, and that the *corpus delicti* was sufficiently proved before the confession was admitted in evidence.

Id.—Corpus Delicti, How Shown.—The *corpus delicti* sufficiently appeared from the fact established that some one had placed the explosive on the porch of the dwelling-house, and had placed and fired a fuse so as to explode it. All the intent necessary for the offense charged could be inferred from that evidence.

Id.—Argument of District Attorney—Comment upon Implied Admission of Defendant.—While it would not be proper for the district attorney to base an argument upon evidence excluded by the court, yet he is authorized to base an argument upon evidence admitted by the court as to incriminating facts proved to have been stated to the defendant which called for a reply, and to which he made no reply, thus implying his admission of the facts charged.

Id.—Accusation of Crime Against Person Under Arrest.—In this state an accusation of crime calls for a reply, even from a person under arrest or in the custody of an officer, where the circumstances surrounding indicate that he was entirely free to reply if he chose to do so.

Id.—Accusation as to Throwing Rocks into Dwelling—Silence — Rebuttal of Statement.—An accusation against the defendant by the officer that he threw rocks into the dwelling, called for a reply, and such accusation and his silence may be proved against him as tending to rebut defendant's statement that he placed dynamite upon the porch as a "harmless bluff," without intent to injure anyone.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.   W. R. Guy, Judge.

The facts are stated in the opinion of the court.

Mills & Hizar, L. R. Kirby, and A. J. Morganstern, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—The defendant was informed against for the crime of placing an explosive near a dwelling-house with intent to injure, intimidate and terrify human beings. This is alleged to have been done by depositing "at, in and near a certain dwelling-house, the property of Edgar W. Dickenson, to wit, upon the porch thereof, a certain nitro-glycerine explosive commonly known as dynamite or giant powder; . . . that said nitro-glycerine explosive was so placed by said defendant at, in and near said dwelling-house as aforesaid with the intent then and there to injure, intimidate and terrify Edgar W. Dickenson and J. A. Dickenson, human beings." The jury returned a verdict of "Guilty," and defendant was sentenced to imprisonment in the state prison for a term of twenty years.

On this appeal, which is from the judgment and the order of the court denying him a new trial, appellant first urges as a reason for a reversal: That the information does not state a public offense in this, that the explosive named is not one of those enumerated in section 601 of the Penal Code under which the charge was made; also, that the "intent" with which the act was done was not specifically alleged, three different intents being stated. This multiplicity of intent is the basis of an assignment of error in connection with the refusal of the court to require the district attorney to elect which particular intent was relied upon for a conviction, and also of error assigned in the giving of certain instructions by the court.

The information is sufficient against the objections urged by appellant. There is no uncertainty as to the explosive charged. Had it stated nitro-glycerine explosive alone the information would have been certain within the meaning of the statute, and that it alleged a particular nitro-glycerine explosive commonly known as dynamite or giant powder did not render it any less certain. These substances are both nitro-glycerine explosives. According to the expert evidence in the

case, they are the same nitro-glycerine compound, and the two terms are mentioned as synonymous by some of the lexicographers.

The information is not bad for duplicity because it alleges more than one intent in the commission of the crime. Accepting the contention of appellant, that the "intent" is one of the essential elements of this offense, the rule applicable here would be the one declared in *People* v. *Frank,* 28 Cal. 507, as follows: "Where, in defining an offense, a statute enumerates a series of acts, either of which separately or all together may constitute the offense, all such acts may be charged in a single count, for the reason that, notwithstanding each may by itself constitute the offense, all of them together do no more, and likewise constitute but one and the same offense." (*People* v. *Leyshon,* 108 Cal. 440, 442, [41 Pac. 480].) As the information charged but one offense, but one act, at a particular time and place, there was no basis for the motion of defendant that the district attorney be required to elect which charge he would try. Cases such as *People* v. *Williams,* 133 Cal. 165, [65 Pac. 323], where the information is so drawn that the conviction of the defendant might be had upon a showing as to any one of numerous violations of the law, do not support appellant's contention that it was error ·for the court to refuse to require an election. From this it is also apparent that in our view it was proper for the trial court to charge the jury that the evidence was sufficient to sustain a conviction if it showed "that the defendant intended either to injure, or to intimidate, or to terrify either of the persons named in the information."

Neither the provisions of section 1881 of the Code of Civil Procedure, relating to privileged communications between husband and wife, nor those of section 1322 of the Penal Code, rendering the wife incompetent to testify against her husband in a criminal case, were violated by the introduction in evidence of the letter written by defendant to his wife. This letter reads as follows: "I have had to confess to pututting Dinamite on Dickenson's Porch. you cannot see me before Monday bet 9 and 11 the Det found the dinamite in the shed." The letter was given to one of the officers to carry to the wife. It was not sealed or inclosed in an envelope, and, at the request of the officer, was returned to him by the wife

after she had read it.   The statement introduced by the letter is that of the husband, and there was no examination of the wife as to a privileged communication, nor was she examined as a witness against her husband.   (*People* v. *Chadwick*, 4 Cal. App. 63, 72, [87 Pac. 384, 389].)   If it be conceded that the letter was illegally obtained, this would not operate to exclude it from evidence on the ground that it was a privileged communication, or that the evidence was self-criminating. Though papers and other subjects of evidence may have been illegally taken from the possession of the party against whom they are offered, or otherwise unlawfully obtained, this is no valid objection to their admissibility if they are pertinent to the issue.   (1 Greenleaf on Evidence, 16th ed., sec. 254a.)

The foundation laid for the introduction of defendant's confession was sufficient.   Accepting the rule that ordinarily the *corpus delicti* should be shown before a confession is admitted, it is, nevertheless, true that the order of proof is largely within the discretion of the trial court, and unless it clearly appears that the defendant was prejudiced by the ruling of the trial judge permitting the confession to be given before the *corpus delicti* was established, it is not reversible error.   (*People* v. *Besold,* 154 Cal. 363, [97 Pac. 871].)   We think, however, that the *corpus delicti* in this case was sufficiently established before the confession was introduced. That some one had placed the explosive on the porch of a dwelling-house and not only placed a fuse so as to explode it, but had fired the fuse, was clearly shown.   All the intent necessary for the offense charged could be inferred from this evidence.

The complaining witness in describing the condition of the dwelling-house, after testifying to finding the explosive with the charred fuse attached, made the following statement: "When I went inside of the house I noticed in the bedroom and bathroom leading directly north from the bedroom, there was glass strewn around in there, and I found two large rocks in there."   On motion of defendant, this testimony was stricken out and the jury instructed to disregard it; and the labeled rocks were also directed by the court to be removed from the sight of the jury.   In connection with the confession of the defendant, introduced in evidence, the officers who testified thereto were permitted to give as part of the conversa-

tion had with the defendant at the time the following: " [De-
fendant] . . . I was prompted all the way through by the
almighty dollar. . . . [Officer] And was that what you threw
those rocks through the window for? . . . [Defendant] I am
not saying anything about those rocks at all." Defendant
moved to strike out this portion of the narration by the officer
and his motion was denied. The same matter was permitted
to be testified to by another officer, against the objection of
defendant. Thereafter the district attorney recalled the com-
plaining witness and again sought to introduce the rocks and
the evidence relating to the finding of them in the house, but
his tender was denied. Appellant assigns this renewed offer
of this testimony by the district attorney, and further men-
tion by him of the rocks to the jury in his argument, as preju-
dicial misconduct. What was said by the district attorney in
the last instance was in connection with the matter of the in-
tent of the defendant in placing the explosive on the porch,
and in reply to the suggestion of defendant's counsel that the
act was a "harmless bluff," as the defendant told the officers.
The language used was: "What was he doing with the rocks?
You remember the rocks? What was the defendant doing
with the rocks?"

It was not misconduct on the part of the district attorney
to retender the evidence after the court's apparent change of
ruling in this respect. The reason assigned by the court for
not admitting the evidence in the first place was because it
was not so closely connected with the defendant as to bind
him. The statement in relation to the rocks testified to by the
officers was only admissible upon the theory that it was an
admission by the defendant that he had thrown the rocks, and
that such evidence was competent in the case. Where state-
ments of fact tending to connect him with a crime are made
to a person suspected of having committed such crime, the
admissibility of such evidence depends entirely upon the an-
swer or acts of the person accused. If he admits the truthful-
ness of the accusation, or fails to deny it under such circum-
stances as may be construed to be an admission that it is true,
the statement with his answer or act may be introduced as a
declaration made by him; on the other hand, if he denies it,
there is no admission upon his part to be introduced. In this
state, an accusation of crime calls for a reply, even from a

person under arrest, or in the custody of an officer, where the circumstances surrounding him indicate that he was entirely free to reply, if he chose to do so. (*People* v. *Amaya,* 134 Cal. 531, [66 Pac. 794].) The answer of defendant to the officers' accusation as to throwing the rocks was the same as if he had said nothing, or that he didn't care to make any statement as to them. This entitled the statement to be admitted, if otherwise relevant, material and competent. We think it was properly admitted. But this testimony as to the rocks was no more relevant and competent than that of the complaining witness which was stricken out. The mere fact that it intended to establish an independent offense was not sufficient to exclude it if it tended to throw any light upon the conduct of the person who placed the explosive. There can be no doubt that it tended to rebut the statement of defendant that he did not intend to injure the complaining witness, but placed the dynamite upon the porch as a harmless bluff. The error in the ruling of the court excluding the evidence tendered by the prosecution, however, would not justify the district attorney in commenting upon this evidence in his argument. Right or wrong, the ruling of the trial court was the law of the case for all purposes of the trial as to the particular evidence to which it related. But the admission of the accusation made by the officers and defendant's failure to deny it was, we think, sufficient to warrant counsel in using the language complained of.

The other statements of the district attorney in his argument which are assigned as misconduct do not warrant a reversal of the case. In one instance, perhaps, the inference from the evidence was not justified. It was hardly proper to use the words, "one of his dynamiting plots," but we do not think it was so far out of the bounds of legitimate argument as to be prejudicial. An inference that a person who places dynamite on the porch of an inhabited dwelling, or one he believed to be inhabited, intended to assassinate someone was legitimate and was not an improper one for the district attorney to draw in his argument to the jury.

The instructions of the court upon the matter of intent which are assigned as error were proper under the view hereinabove expressed. The instructions requested by the defendant which the court refused to give to the jury can hardly

be said to be presented to us on this appeal. It is neither the duty nor the practice of appellate courts to pass upon matters which the appellant himself does not consider of sufficient importance to more than refer to with the statement: "The court erred in refusing to give the following instructions," etc., giving the numbers of them and the page in the transcript where found. (*People* v. *Pembroke*, 6 Cal. App. 593, [92 Pac. 668].)  On examination, however, we are unable to discover that defendant was in any manner prejudiced by the refusal to give them, or such portions of them as would have been proper, and which were not substantially given elsewhere.

The objections of the attorney general to the consideration of certain questions which he contends are not before us on this appeal are not passed upon, it being assumed, for the purposes of this decision, that the matters brought up on suggestion of diminution of record cover the objections made.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.