[Crim. No. 309.  First Appellate District.—June 16, 1911.]

## THE PEOPLE, Respondent, v. GEORGE BARNNOVICH, Appellant.

CRIMINAL LAW—JOINT INFORMATION—SEPARATE TRIAL—TESTIMONY OF CODEFENDANTS ADMISSIBLE FOR PROSECUTION.—Where several defendants are jointly charged with the same offense, and one of them elects to be tried separately, his codefendants are competent witnesses for the people on his separate trial; and the fact that they could not have been compelled to testify, nor to incriminate themselves and that they were warned by the court that their testimony might be used against them, is of no concern to the defendant on trial, and is a matter over which he has no control.

ID.—EVIDENCE—TESTIMONY OF ACCOMPLICE—ADMISSIBILITY—STATUTORY RULE AS TO CORROBORATION.—The statutory rule that a conviction cannot be had upon the uncorroborated testimony of an accomplice does not go to its admissibility, but only to the effect of the evidence of the accomplice, as dependent upon corroborative evidence.

ID.—PROOF OF COMMISSION OF OFFENSE BY ACCOMPLICES.—Accomplices, if otherwise corroborated, may testify to the commission of the offense, and may establish it by their testimony.

ID.—USE OF DYNAMITE WITH INTENT TO INJURE INMATE OF DWELLING —CORROBORATION OF ACCOMPLICES—SUPPORT OF VERDICT.—In a

prosecution for the use of dynamite with intent to injure a dwelling and the inmate thereof, it is held that evidence that the shoes taken from the person of the defendant on trial fitted perfectly with the footprints found near where the explosion occurred, and that such defendant had dynamite in his possession and on his person shortly before and after the explosion occurred, and that he had repeatedly threatened to "fix Mr. Hartman with dynamite because he would not give him a job," was a sufficient corroboration of the testimony of the accomplices, and with their testimony is sufficient to warrant the verdict of guilty.

ID.—CORPUS DELICTI ESTABLISHED PRIOR TO TESTIMONY OF ACCOMPLICES—ORDER OF PROOF NOT PREJUDICIAL.—It is held that the *corpus delicti* was sufficiently established before the testimony of the accomplices was given; but that, even if it were otherwise, that the defendant was not prejudiced by the order in which the trial court permitted the presentation of the prosecution's proof.

ID.—CONFLICT OF TESTIMONY—SUPPORT OF VERDICT.—The contention of defendant that the evidence upon the whole case does not support the verdict is answered by the fact that the evidence for the people and for the defendant is in evident conflict.

ID.—ADMISSIBLE TESTIMONY—COMPARISON OF FOOTPRINTS WITH SHOES OF DEFENDANT.—The testimony of a witness as to the result of a comparison made in his presence between footprints found at the scene of the crime, and shoes shown to have been taken from the person of the defendant when he was arrested, was an admissible statement of a fact based on the personal observation of the witness.

ID.—REFUSAL OF CONTINUANCE AFTER CLOSE OF PLAINTIFF'S EVIDENCE—DISCRETION NOT ABUSED.—It is held that the trial court did not abuse its discretion in refusing to grant a continuance to the defendant after the impanelment of the jury and the close of plaintiff's evidence. The application was not seasonably made.

ID.—INSUFFICIENT AFFIDAVIT.—The affidavit of defendant for a continuance was insufficient in failing to set forth any fact or facts from which the trial court could have fairly inferred that the attendance of the alleged witness could have been procured within a reasonable time.

ID.—INFORMATION NOT CHARGING TWO OFFENSES—INTENT TO INJURE PERSON AND PROPERTY.—The information does not charge two offenses by alleging two intents in the commission of one offense in the use of dynamite to injure a person and his property. Section 601 of the Penal Code, which defines the offense of which the defendant was convicted, enumerates a series of acts any of which separately or all together may constitute the offense, and they may be charged in a single count; and all of them, if alleged together, constitute but one and the same offense.

ID.—PARTICULAR INTENT OR ACTS NOT REQUIRED TO BE STATED IN VER-
DICT.—The verdict of the jury is not required to set forth the par-
ticular intent with which the offense was committed nor the par-
ticular acts constituting the offense.

ID.—SUFFICIENCY OF STATEMENT OF OFFENSE IN JUDGMENT.—The judg-
ment must be considered and construed in its entirety, and it is
sufficient, when so considered, if it appears that the court adopted the
verdict of the jury as part of the judgment and sentenced the
defendant accordingly. This was the equivalent of a detailed
designation of the offense for which the conviction was had; and,
in connection with the court's general designation of the offense,
was a substantial compliance with the provisions of section 1207 of
the Penal Code, and afforded the defendant ample protection against
a second prosecution for the same offense.

APPEAL from a judgment of the Superior Court of
Contra Costa County, and from an order denying a new trial.
R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

J. E. Rodgers, for Appellant.

U. S. Webb, Attorney General, and J. Chas. Jones, Deputy
Attorney General, for Respondent.

LENNON, P. J.—The defendant, George Barnnovich, was
jointly charged with George Maracich and Lawrence Mar-
acich, in an information filed in the superior court of Contra
Costa county, with the crime of felony as defined in section
601 of the Penal Code.

The defendant Barnnovich elected to be tried separately,
and upon his trial he was convicted and sentenced to the state
prison for life. The appeal is from the judgment and the
order denying defendant's motion for a new trial.

The codefendants, George and Lawrence Maracich, were
competent witnesses for the people, and were rightfully called
by the district attorney to testify to any material facts within
their knowledge. Before giving their testimony both these
codefendants were in turn by the court cautioned as to their
rights, and then admonished that any testimony which they
saw fit to give could and might subsequently be employed
against them. They could not have been compelled to testify,
and, when called as witnesses, it was their privilege under

the law to refuse to testify if their testimony would have tended to subject them to punishment for a felony. This, however, did not concern the defendant at the bar, and it was a matter over which he had no control. (*People v. Rodundo,* 44 Cal. 539.)

The objection made at the trial to the testimony of the codefendant Lawrence Maracich "upon the ground that he was an accomplice, and that the *corpus delicti* had not been sufficiently established to permit a codefendant testifying," was properly overruled. The statutory rule that a conviction cannot be had upon the uncorroborated testimony of an accomplice does not go to the admissibility, but only to the effect, of the evidence of the accomplice. (Pen. Code, sec. 1111; *People v. Grundell,* 75 Cal. 305, [17 Pac. 214].) Notwithstanding a conviction cannot be had upon the uncorroborated testimony of an accomplice, the actual commission of the offense may be established by such testimony (*People v. Leavens,* 12 Cal. App. 184, [106 Pac. 1103]), and we are satisfied that the *corpus delicti* in the present case was clearly and fully established at the time the people sought to introduce in evidence, through the medium of the witnesses, George and Lawrence Maracich, the statements and admissions of the defendant made before and after the commission of the crime charged.

Even if this were not so, the record does not disclose that the defendant was in any way prejudiced by the order in which the trial court permitted the presentation of the prosecution's proof.

Ordinarily, where the people seek to introduce in evidence the extrajudicial statements and admissions of a defendant, the *corpus delicti* should be first established; but in the absence of a showing that the defendant was prejudiced thereby, irregularity in the order of proof is of no consequence if, as is disclosed by the record in the case at bar, the facts requisite to establish the commission of the crime, independently of the alleged admissions of the defendant, ultimately appear in evidence. (*People v. Whiteman,* 114 Cal. 338, [46 Pac. 99]; *People v. Ward,* 134 Cal. 306, [66 Pac. 372]; *People v. Besold,* 154 Cal. 368, [97 Pac. 871].)

The evidence in the case, other than that of George Maracich, an admitted accomplice, and Lawrence Maracich, a disputed accomplice, was to the effect that the shoes taken

from the person of the defendant fitted perfectly in the footprints found near the premises where the explosion occurred; that the defendant had dynamite in his possession and on his person shortly before and immediately after the explosion, and that he had repeatedly threatened to "fix Mr. Hartman with dynamite because he would not give him a job."

This evidence standing alone may have been entitled to but slight weight in determining the guilt or innocence of the defendant; but it did, apart from the testimony of the claimed accomplices, tend to connect the defendant with the commission of the offense charged against him, and was corroboration of the testimony given by the Maracich brothers sufficient to warrant the jury in finding the defendant guilty.

The contention that the evidence upon the whole case does not support the verdict may be disposed of with the statement that the evidence offered respectively upon behalf of the people and the defendant is in violent conflict.

The testimony of the witness Fox as to the result of a comparison which was made in his presence between the footprints found at the scene of the crime and certain shoes, shown to have been subsequently taken from the person of the defendant when he was arrested, was but the statement of a fact based upon the personal observation of the witness. The ruling of the trial court refusing to strike out this testimony was correct.

The trial court did not abuse its discretion in refusing the continuance asked for by the defendant (after a jury had been impaneled and the case for the people closed) in order to obtain the attendance of a witness for whom several days previous to the commencement of the trial a subpoena had been issued and returned unserved. The application for a continuance under all of the circumstances shown by the record was not seasonably made (Pen. Code, secs. 1052, 1433; *People* v. *Beam,* 66 Cal. 396, [5 Pac. 677]; *People* v. *Logan,* 123 Cal. 414, [56 Pac. 56]); and the affidavit offered in support thereof failed to set forth, as it should have done, any fact or facts from which the trial court could have fairly inferred that the attendance of the alleged witness could have been procured within a reasonable time or at all. (*People* v. *Ah Yute,* 53 Cal. 614; *People* v. *Lewis,* 64 Cal. 403, [1 Pac.

490]; *People* v. *Leyshon,* 108 Cal. 444, [41 Pac. 480]; *People* v. *Wade,* 118 Cal. 672, [50 Pac. 841].)

The information alleges two intents—one an intended injury to a person and the other an intended injury to property. It does not follow from this that the information charges two offenses as claimed by counsel for the defendant. Section 601 of the Penal Code, which defines the offense of which the defendant was convicted, enumerates a series of acts any of which separately or all together may constitute the offense. "All such acts may be charged in a single count, for the reason that notwithstanding each may by itself constitute the offense, all of them together do no more, and likewise constitute but one and the same offense." (*People* v. *Frank,* 28 Cal. 507; *People* v. *Leyshon,* 108 Cal. 440, [41 Pac. 480]; *People* v. *Swaile,* 12 Cal. App. 192, [107 Pac. 134].) As but one offense arising out of a single transaction was charged, in a single count, by the information, proof of the commission by the defendant of any one of the acts enumerated in the statute and charged in the information was sufficient to support a general verdict of guilty as charged in the information, and it was not necessary, therefore, that the jury should have specified in their verdict the particular acts and intent of the defendant of which they believed and found him guilty.

It is insisted upon behalf of the defendant that the judgment is defective in this, that the crime of which the defendant was convicted was not technically and in detail designated in the judgment. This contention is based upon the failure of the trial judge, when pronouncing the judgment and sentence of the law, to use the word "maliciously" in its designation of the offense charged against the defendant, and of which he was found guilty. The judgment, however, as entered in the minutes of the court, does in general terms mention and describe the offense of which the defendant was convicted, viz.: "the crime of using an explosive with intent to injure a dwelling-house, and with intent to injure, intimidate and terrify a human being in said dwelling-house." In addition to this general description of the offense the judgment specifically refers to the fact that the defendant was "found guilty of the offense set forth in the information." The Penal Code does not in terms provide for either the form or the contents of a judgment in a criminal case, but section

1207 of that code requires that "when a judgment upon a conviction is rendered the clerk must enter the same in the minutes of the court, *stating briefly* the offense for which the conviction was had. . . . "

The judgment in the case at bar must be considered and construed in its entirety; and so considered it sufficiently appears that the court adopted the verdict of the jury as a part of the judgment, and sentenced accordingly. This was the equivalent of a detailed designation of the offense for which the conviction was had (*People* v. *Sam Lung,* 70 Cal. 518, [11 Pac. 673]) ; and in conjunction with the court's general designation of the offense was a substantial compliance with the provisions of section 1207 of the Penal Code, and afforded the defendant ample protection against a second prosecution for the same offense.

The judgment and order appealed from are affirmed.

Hall, J., and Kerrigan, J., concurred.