[No. 20749. Department One. — July 30, 1891.]

90 381
111 152

THE PEOPLE, RESPONDENT, v. MARCOS CESENA, APPELLANT.

CRIMINAL LAW — ASSAULT TO RAPE — EVIDENCE — CHILDREN AS WITNESSES — WEIGHT OF TESTIMONY — DISCREPANCIES — CORROBORATION. — The fact that there were discrepancies in the statements of children, who were witnesses against a defendant convicted of an assault with intent to commit rape, does not warrant a reversal of the judgment, where the discrepancies are such as might be expected from their tender age, and there is other evidence to corroborate their account, including the defendant's own testimony.

ID. — PROVINCE OF JURY — CREDIBILITY OF WITNESSES. — Where the value and weight of evidence depend upon the credibility of the witnesses, it is a matter peculiarly for the jury to determine.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — DISCRETION — CUMULATIVE AND CONFLICTING EVIDENCE — EVIDENCE KNOWN BEFORE TRIAL. — The granting or denying of a motion for a new trial on the ground of newly discovered evidence is within the sound discretion of the trial court, and its refusal to grant it will not be reversed, where the evidence is all cumulative or simply contradictory of the testimony of the prosecution, and counter-affidavits show that unless the testimony is false the defendant must have known of it and of the witness before the trial.

ID. — WANT OF DILIGENCE — COUNTER-AFFIDAVITS. — Upon a motion for a new trial upon the ground of newly discovered evidence, counter-affidavits may be used to show that due diligence has not been used.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The facts are stated in the opinion.

*Moorehouse & Tuttle*, and *W. A. Kearney*, for Appellant.

The inherent improbability of the statements of the girls completely discredits their testimony, and therefore shows that the jury were carried away by passion or prejudice. (*People* v. *Benson*, 6 Cal. 221; 65 Am. Dec. 506; *People* v. *Hamilton*, 46 Cal. 540; *People* v. *Ardaga*, 51 Cal. 371; *Blankman* v. *Vallejo*, 15 Cal. 639; *McFadden* v. *Wallace*, 38 Cal. 51.) If the defendant was guilty at all, he was not guilty of an assault with an intent to

commit rape, but simply of an assault. There was not the slightest evidence of an intent to rape. (*State* v. *Canada*, 68 Iowa, 397; *State* v. *Kendall*, 73 Iowa, 255; 5 Am. St. Rep. 679; *Pefferling* v. *State*, 40 Tex. 493; *People* v. *Manchego*, 80 Cal. 306.)

*Attorney-General Hart*, for Respondent.

The evidence being conflicting, the court will not disturb the verdict. (Hayne on New Trial and Appeal, sec. 288, p. 850.) The prosecuting witness was only thirteen years old. She could not consent to rape. (Pen. Code, sec. 261, subd. 1.) If there was evidence tending to prove that the intent was as alleged in the indictment, the verdict will not be set aside on the ground that the evidence is insufficient to sustain the verdict. (*People* v. *Estrada*, 53 Cal. 601; *Bailey* v. *Commonwealth*, 82 Va. 107; 3 Am. St. Rep. 87; *Fry* v. *Commonwealth*, 82 Va. 334; *Glover* v. *Commonwealth*, 86 Va. 382; *People* v. *Connor*, 9 N. Y. St. Rep. 674. See Am. Dig. 1890, p. 3284, secs. 53–55; *People* v. *Lenon*, 79 Cal. 626.) The affidavits on motion for a new trial contained evidence cumulative of the testimony of defendant and contradictory of the witnesses of the prosecution. Such testimony does not warrant a new trial. (*People* v. *Anthony*, 56 Cal. 399; Gear's Cal. Dig. 632, tit. Newly Discovered Evidence, 5.) As this motion is addressed to the discretion of the court, it does not appear that there was any abuse thereof. (Hayne on New Trial and Appeal, sec. 87, p. 250.) The character of the evidence offered would not change the result of the trial. (Hayne on New Trial and Appeal, sec. 91, p. 257.) The admission of counter-affidavits was proper. (*Merk* v. *Gelzhaeuser*, 50 Cal. 632; *Dignowitty* v. *State*, 17 Tex. 521; 67 Am. Dec. 670.) From the affidavits it appears there is reason to doubt the ignorance of the defendant, during trial, of said evidence, and for that reason a new trial was properly refused. *People* v. *Cummings*, 57 Cal. 88.) The contention of appel-

lant that defendant was guilty of an assault simply is not founded on any evidence. He was guilty as charged, or innocent. (*Glover* v. *Commonwealth*, 86 Va. 382; *Lewis* v. *State*, 35 Ala. 380; *People* v. *Connor*, 9 N. Y. St. Rep. 674; *Bailey* v. *Com.*, 82 Va. 111; 3 Am. St. Rep. 87.)

TEMPLE, C. — The defendant, having been convicted of an assault with intent to commit rape, appeals from the judgment and an order refusing him a new trial.

He does not complain of any ruling at the trial, nor does he deny that there is some evidence tending to prove the charge against him; but he contends that the testimony of the main witnesses against him is contradictory, and so improbable that they are not to be believed; that it furnishes proof of a conspiracy, and that the charge is a pure fabrication.

But it does not strike us in that way. The discrepancies in the statements of the children are not more than should be expected from their tender age. Then there is much to corroborate their account. Indeed, the testimony of the defendant himself, carefully analyzed, affords many items strongly confirming their story. The statements as to the time when Cesena left the saloon constituted only conflicting testimony, and was properly left to the jury.

We do not attribute very much importance to the testimony as to time. It is easy to be mistaken in such matters. And then the value of the evidence depends largely upon the credibility of the witnesses,—a matter peculiarly for the jury.

The newly discovered evidence is all cumulative, or simply contradictory of the testimony of the people, and the counter-affidavits show that if the story be not a pure fabrication, the defendant must have known of it and of the witness. Counter-affidavits may be used on such motion to show that due diligence has not been used.

Such applications are addressed to the discretion of

the trial court, and the presumption is, that the discretion was properly used.

We see no reason for interfering with the action of the court in this case, whether its decision were based upon lack of due diligence or a belief that the proposed evidence would not render a different result probable though a new trial were had.

We think the judgment and order should be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.