THE PEOPLE *v.* ROSADO.

## APPEAL from the District Court of Ponce.

No. 239.—Decided May 31, 1910.

CRIMINAL LAW—RAPE—TESTIMONY OF A CHILD.—When a child 7 years old, after having been examined by the judge, is allowed to testify, the presumption is, nothing to the contrary being shown, that the examination was in due form.

ID.—TESTIMONY OF THE PROSECUTRIX—CORROBORATION THEREOF BY THAT OF A CHILD 7 YEARS OF AGE.—The testimony of a child 7 years of age which, word for word, corroborates that of its mother, the offended party, is sufficient to bring the case within the provision of the law requiring the testimony of the prosecutrix to be supported.

ID.—RES GESTAE—SCOPE THEREOF—HEARSAY EVIDENCE.—The principle of *res gestae* is applicable to testimony relating to the condition in which the witness found his household when he returned home; but the provision of the Law of Evidence admitting hearsay evidence as part of the *res gestae* cannot extend to statements made to him three hours after the occurrence.

ID.—TRIAL BY A COURT OF LAW—ADMISSION OF INADMISSIBLE EVIDENCE OF A CUMULATIVE CHARACTER.—Where the cause is tried by a court without the intervention of a jury, the admission of evidence open to objection, and of a merely cumulative character, such as the admission, in the present case, of what the mother and the child told the witness, does not constitute a material error.

ID.—MOTION FOR A NEW TRIAL—NEWLY DISCOVERED EVIDENCE—REASONABLE DILIGENCE.—In motions for a new trial based on newly discovered evidence it is necessary to show that such evidence could not be obtained before, notwithstanding the exercise of reasonable diligence.

ID.—DISCRETION OF THE COURT—AFFIDAVITS CONTRADICTING THE DEFENSE OF THE ACCUSED.—Motions for a new trial are addressed to the discretion of the trial court, and when, as in the present instance, the affidavits filed in support thereof contradict the defense of *alibi* alleged by the defendant, the court commits no abuse of discretion in overruling the motion for a new trial.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from a judgment convicting Melitón Rosado of the crime of rape and sentencing him to seven years in the penitentiary at hard labor. The case was tried by the judge at the instance of the defendant without the intervention of a jury.

The information charged that on March 24, 1909, in the Central Rufina, within the municipality of Guayanilla, belonging to the judicial district of Ponce, the defendant, Melitón Rosado, cohabited with Martina Caraballo, a woman not his wife, taking advantage of the fact that she was incapable of offering resistance because of the threat which at that time, with knife in hand, he made to kill her.

The statement of the case and bill of exceptions show that the prosecutrix gave testimony tending to prove all the facts of the information. Then her child, 7 years of age, was, after examination by the court, allowed to testify in spite of the objections of the defendant. The statement then says: "This witness corroborated the testimony of its mother, word for word" (*textualmente*). Thereafter, José Chacón was examined. He said that he was the concubine of the prosecutrix and that when he returned from his work on the night in question he found his dwelling open and the concubine and child seated on a trunk weeping, both of them telling what had happened to them. The witness then, to follow the words of the statement, "gave an account of what his wife and child told him against the objection of the defendant who took exception to the ruling of the court allowing the narration." The defense was an *alibi*, three witnesses and the defendant testifying that on the night of the alleged rape the defendant was with his own concubine miles away.

The first two errors alleged go to the capacity of the child to testify. The record shows that she was first examined by the court and the presumption is, nothing to the contrary being shown, that the examination was in due form. The evidence of the child was a sufficient corroboration of its mother's testimony to bring the case within the provision of the law requiring the testimony of the prosecutrix to be supported.

The next objection is to the admission of the testimony of José Chacón. The theory of the Government was that what the woman and child told him was part of the *res gestae*. The

principle of *res gestae* has been held to apply to testimony relating to the condition in which he found his household and the fact that the woman complained to him. It does not extend to a repetition of what the woman told him some hours after the occurrence. (*People* v. *Woug Ark,* 96 Cal., 125, and especially the concurring opinion of Mr. Justice Garoutte.)

However, the case at bar was tried by the court without the intervention of a jury. The witness, in telling what the woman and child told him, gave no particular probatory force to the testimony they had already given, and at most his testimony was merely cumulative. The court could weigh it and if it had any reason to suspect the credibility of the woman or the child, what they told Chacón would become absolutely worth'ess. We do not see that the defendant's case was prejudiced by the improper admission of this testimony. The case in this regard falls within the principle announced in the case of *Belber* v. *Calvo* (16 P. R. Rep., 342), decided on May 19, 1910, in which the court held as follows:

"In trying cases before the judge alone without a jury, as all our civil cases are tried, a much wider latitude is permitted in the admission of evidence than would be allowed in California and other States where juries intervene in nearly all civil cases. The judge can, in many cases, better decide on the relevancy of evidence, after full investigation than before, and strict rules should not be invoked or applied in such cases."

There are some errors alleged, but they relate to the conflict in the evidence and there is nothing in the record which shows that the court was not justified in resolving the conflict against the defendant.

The defendant, before the judgment was pronounced, made a motion for a new trial on the ground of newly discovered evidence. They consisted in affidavits which, if true, would throw in doubt the statement of the prosecutrix that defendant entered of his own accord and without her consent; they likewise would go to show that defendant was in the habit of

visiting prosecutrix late at night and staying with her, and that affiants had seen her closing the door after the defendant left. But the motion for a new trial does not set forth that this alleged evidence could not have been discovered by due diligence. The averment of the diligence is an essential element in motions of this nature. (12 Cyc., 752; *People* v. *Frank Kloss,* 115 Cal., 557; and *People* v. *Marcos Cesena,* 90 Cal., 381.) Furthermore, the motion is largely addressed to the discretion of the trial court. The nature of these affidavits was somewhat in opposition to the defense of *alibi.* Under these circumstances we do not find that the court committed any error in overruling the motion. The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Figueras did not sit at the hearing of this case.