[Crim. No. 949.   Second Appellate District, Division One.—April 5, 1923.]

# THE PEOPLE, Respondent, v. FRANK W. MITCHELL, Appellant.

[1] CRIMINAL LAW—CREDIBILITY OF WITNESSES—WEIGHT OF EVIDENCE —QUESTIONS FOR JURY.—The degree of credibility which shall be accorded to a witness, or to all the witnesses, as well as the power of judging of the effect and value of evidence, are matters which lie exclusively within the province of the jury.

[2] ID.—RAPE—SUFFICIENCY OF EVIDENCE.—In this prosecution for the crime of rape committed on the person of a girl of the age of fourteen years, the jury was warranted from the evidence and from the inferences properly deducible therefrom in returning a verdict of guilty.

[3] ID.—RAPE — EVIDENCE — NIGHTGOWN OF PROSECUTRIX.—The testimony of the prosecuting witness in a prosecution for rape that a nightgown shown to her was worn by her on the occasion in question and that there were no blood spots thereon before the alleged offense was committed but that there were immediately thereafter was sufficient to admit its introduction in evidence.

[4] ID.—RAPE—EVIDENCE—LETTER FROM DEFENDANT TO WIFE.—In a prosecution for rape, a letter from defendant to his wife proved to be in defendant's handwriting and found on the floor of a cabin shortly after defendant's wife had removed therefrom was admissible, even if it be assumed that the wife could not have testified to its contents in view of section 1322 of the Penal Code.

[5] ID. — VERDICT — RECOMMENDATION AS TO LENGTH OF SENTENCE — EFFECT OF.—A verdict finding the defendant guilty as charged in the information is not rendered nugatory by reason of a recommendation included therein that the sentence be not over five years.

[6] ID.—CONSTRUCTION OF VERDICT.—A verdict is to be construed like any other instrument, and the rule is that, taking it in its entirety, if the meaning intended to be conveyed may be clearly ascertained by common understanding, it is sufficient, notwithstanding any surplusage or that there may be included therein irregularities in spelling or awkward or incorrect expressions from a grammatical standpoint.

3. Law of evidence of blood stains, note, 15 Ann. Cas. 811.

5. Effect of recommendation to mercy accompanying verdict of guilty, note, 21 Ann. Cas. 244.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Samuel Rosenthal for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Lorrin Andrews for Respondent.

HOUSER, J.—Defendant was convicted of having committed the crime of rape on the person of a girl of the age of fourteen years. He appeals from the judgment and urges the following reasons why he should be granted a new trial:

1. That the evidence is insufficient to justify the rendition of a verdict of guilty.

2. That errors of law in the admission of evidence were committed by the trial judge and the evidence so admitted was prejudicial to defendant.

3. That the verdict of the jury was not such a verdict as is contemplated by law.

With reference to the first specification, the evidence which the jury had a right to consider in making up the verdict showed that the mother of the prosecuting witness and her younger brother and their stepfather were living in a tent in the town of Johannesburg; that on the 20th of August, 1922, the mother and the stepfather went to the town of Huntington Beach for a stay of a few days, leaving the children alone in the tent; that defendant was well acquainted with all the parties, lived in their immediate neighborhood, knew of the temporary absence of the mother and the stepfather of the girl; that the next day after the departure of the mother and stepfather he visited the girl at least twice, and probably three times, and that it was on the evening of that day when the offense was committed; that on the latter or the last of the occasions on which he visited the girl he found her sleeping alone in one of the beds in the tent which she occupied; that, according to his own testimony, earlier in the day he had had some conversation of an improper nature with the prosecuting witness; that on one occasion he had seen the girl and her stepfather go into a bathroom to take a bath together; that

his own wife had told him that the prosecuting witness had confessed to her that she had been intimate with several different men; the prosecuting witness testified that the first knowledge she had of defendant's presence in the tent was when she was awakened by defendant, who was in bed with her, with his arms around her, and that the act of which complaint is made then occurred; that both the nightgown worn by the prosecuting witness at that time as well as the undergarments of defendant which he wore on that occasion, and which were exhibited to the jury, had on them spots of blood; that defendant made damaging admissions with reference to his guilt to the stepfather of the prosecuting witness, and that defendant also wrote a letter to his wife which contained statements from which his guilt might be inferred. [1] While defendant denied many of the foregoing statements, and made some effort to establish an alibi, it is a well-settled rule of law that the degree of credibility which shall be accorded to a witness, or to all the witnesses, as well as the power of judging of the effect and value of evidence, are matters which lie exclusively within the province of the jury. (Sec. 1847, Code Civ. Proc.; *People* v. *Bush,* 68 Cal. 629 [10 Pac. 169]; *People* v. *Cesena,* 90 Cal. 381 [27 Pac. 300]; *People* v. *Compton,* 123 Cal. 403 [56 Pac. 44]; *People* v. *Preston,* 19 Cal. App. 675 [127 Pac. 660].) The jury by its verdict clearly indicated to which testimony and evidence it gave credence. [2] From the evidence and from the inferences properly deducible therefrom the jury was warranted in returning a verdict of guilty. In such a case, that an appellate court will not pass upon questions of the credibility of witnesses, or the preponderance of the evidence, has been announced with practical unanimity by all the decisions of this state having a bearing on the subject.

[3] Appellant specifies as error the receipt in evidence of a certain nightgown which the prosecuting witness testified she wore on the occasion in question. After the witness had testified to the fact that she was wearing the nightgown and that after the act complained of had taken place there was blood upon her person, the following questions were put and the following answers given thereto:

"Q. You say you were wearing a nightgown? A. Yes, sir.

"Q. Would you be able to recognize that if you saw it? A. Yes, sir.

"Q. When had you put that nightgown on? A. Just before I went to bed.

"Q. Had you worn that the night before that? A. No.

"Q. That is the first night you had worn that nightgown— I don't mean that. I withdraw that. You had worn a different nightgown the night before that? A. Yes, sir.

"Q. And put this nightgown on the night of this occurrence; is that right? A. Yes, sir.

"Q. I show you, I ask that this be marked exhibit 1 for identification, I ask that you examine this nightgown and ask you to testify whether or not that is the nightgown you wore on that night? A. Yes, sir.

"Q. Were any of these spots on there when you went to bed—on this nightgown? A. No.

"Q. When you got up the next morning were these spots there? A. Yes, sir."

The nightgown was then offered in evidence and counsel for defendant objected thereto on the ground "that no proper foundation has been laid, no proper identification," which objection was by the court overruled. While no attempt was made by the prosecution to account for the whereabouts of the garment between the date of the alleged offense and the time the witness was giving her testimony on the witness-stand, nor to show that its condition had remained unchanged in the meantime, there was no restriction in the matter placed by the court on counsel for defendant, and there is nothing in the record which indicates that any request was made by counsel for defendant to examine the witness for the purpose of ascertaining her knowledge on the subject. Certainly the correctness of the statements of the witness regarding the spots and the identification of the garment were open to a full and fair test on cross-examination had counsel desired to avail himself of the opportunity. The record shows that he asked the witness no questions on the subject. The identification of the nightgown and the spots thereon was sufficient to admit it in evidence. Where the garment had been kept after the alleged offense was committed, or whether either it or the spots thereon were in exactly the same condition that they were immediately thereafter, is of no great materiality. The point was not

whether they had remained unchanged, but rather was that no spots were on the gown before the alleged offense was committed, but were there immediately thereafter.

[4] Over the objection of defendant, a letter from defendant to his wife was received in evidence. Defendant's handwriting was partly proved by the stepfather of the prosecuting witness, who testified that he had seen the defendant write on numerous occasions, and that he believed the handwriting in the letter to be that of defendant. The objection is completely covered by section 1943 of the Code of Civil Procedure, which permits handwriting of a person to be proved by anyone who "believes it to be his, and who has seen him write."

While defendant's wife was not a witness on the trial, counsel for defendant contends that the letter was inadmissible under the provisions of section 1322 of the Penal Code, which provides in effect that the wife is not a competent witness against the husband in a criminal action. The evidence shows that this particular letter was found on the floor of a cabin shortly after defendant's wife had removed therefrom. If it may be assumed that defendant's wife could not have testified as to the contents of the letter, it does not follow that no one else who read the letter might not do so. It is analogous to the situation of testimony by a witness who overheard a conversation between husband and wife. (*People* v. *Chadwick*, 4 Cal. App. 72 [87 Pac. 384, 389]; *People* v. *Swaile*, 12 Cal. App. 196 [107 Pac. 134].)

[5] Counsel for defendant also objects to the form of the verdict which was rendered by the jury. It was as follows: "We, the jury empanelled to try the above-entitled cause, find the defendant guilty as charged in the information and recommend to the court that his sentence be not over 5 years." Section 1151 of the Penal Code provides that "a general verdict upon a plea of not guilty is either 'guilty' or 'not guilty.'" The effect of defendant's contention is that the recommendation of the jury annexed to the verdict, that the sentence be not over five years, is not mere surplusage, but is a condition which renders the verdict nugatory.

In the case of *People* v. *Holmes*, 118 Cal. 444 [50 Pac. 675], it appears that a verdict was returned which, among other irregularities, prayed "the extreme mercy of the court

in its sentence and punishment.'' The verdict was upheld on the ground that it should have a reasonable construction and be given effect according to its manifest intention. And see *People* v. *Cornell,* 29 Cal. App. 430 [155 Pac. 1026], in which the California authorities bearing upon the subject are reviewed. In *People* v. *Bowman,* 24 Cal. App. 781 [142 Pac. 495], where one of the verdicts returned by the jury was, ''We the jury find the defendant guilty of the crime charged and leave to the mercy of the court,'' it was held that such a verdict was not rendered invalid by reason of the concluding clause. The only matter to be considered here is the effect which the verdict, if any, produced by the recommendation as to the sentence to be imposed on defendant. [6] A verdict is to be construed like any other instrument, and the rule is that, taking the verdict in its entirety, if the meaning intended to be conveyed may be clearly ascertained by common understanding, the verdict is sufficient, notwithstanding any surplusage or that there may be included therein irregularities in spelling or awkward or incorrect expressions from a grammatical standpoint. From the language used in the verdict in the instant case there is no difficulty in ascertaining the fact that the jury found the defendant guilty as charged in the information.

The judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.