[Crim. No. 222. Department One.—September 22, 1897.]

THE PEOPLE, Respondent, v. MANUEL GOMEZ, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—SUFFICIENCY OF EVIDENCE—CREDIBILITY OF WITNESSES—PROVINCE OF JURY.—The evidence of the prosecutrix alone may be sufficient to support a verdict of guilty of an assault with intent to commit rape; and when her evidence is corroborated by the testimony of another witness, the verdict will not be disturbed, except under very exceptional circumstances, the credibility of the witnesses being essentially a matter for the jury to pass upon.

ID.—WILLING SUBMISSION OF GIRL UNDER AGE OF CONSENT—SIMPLE ASSAULT NOT INVOLVED—INSTRUCTION.—Where the prosecutrix was a girl under the age of consent, and whatever occurred took place with her entire

willingness, the offense of simple assault is not in the case, the element of force being wanting; and, upon a charge of an assault with intent to commit rape, it is proper for the court to instruct the jury that their verdict should be either guilty of the offense charged, or not guilty.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial: Geo. H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Henry E. Highton, and Theodore J. Roche, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

GAROUTTE, J.—The defendant has been convicted of an assault with intent to commit rape. Upon this appeal he insists that the evidence is insufficient to support the verdict. In view of the record before us, this contention cannot be successfully maintained. In many cases decided by this court of the nature here under investigation it has been held that the evidence of the prosecutrix alone may be sufficient to support the verdict. In this case, if her evidence was believed by the jury, it was amply sufficient to authorize the verdict rendered. In addition to the evidence of the prosecutrix we find in the record the testimony of another witness fully corroborating all material matters of which she testified. Under such circumstances we will not disturb the verdict of the jury for the reason urged. The credibility of these two witnesses was a matter essentially for the jury to pass upon, and their determination as to that fact will not be set aside by this court, save under very exceptional circumstances. Those circumstances are not present in this case.

It is claimed that the court committed an error in charging the jury that their verdict should be either guilty of the offense charged, or not guilty. It is insisted that by such charge the court in effect told the jury that the offense of "assault" was not included in the information. We assume that such was the effect of the instruction, and yet upon such assumption the charge given was the only proper one. The prosecutrix was a girl under

the age of consent. Whatever occurred between her and the defendant took place with her entire free will. There was no protest or objection upon her part to the doing of everything that was done, but, upon the contrary, her willingness is fully established. Under such circumstances the offense of "assault" is not in the case. The evidence in no way points toward it; for an attempt to use force is a necessary element of every assault. Here there is no pretense of such an attempt. If in the minds of the jury the acts of defendant were not done with an intent to commit rape, no crime, under this information, was proven; for then the age of the prosecutrix became an immaterial matter. If the defendant had been charged in the first instance with the offense of assault, instead of the offense here standing against him, he could not have been legally convicted under this evidence, for the element of force is wanting, and hence there is no assault. *People v. Verdegreen*, 106 Cal. 211, 46 Am. St. Rep. 234, is not opposed to these views, but upon a careful reading will be found fully supporting them.

Judgment and order affirmed.

Van Fleet, J., and Harrison, J., concurred.