[Crim. No. 1123.  First Appellate District, Division One.—November 28, 1923.]

## THE PEOPLE, Respondent, v. ABRAHAM SPADY, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—CONDUCT OF JUROR IN LEAVING SEAT—ABSENCE OF PREJUDICE.—In a prosecution for assault with intent to commit rape, the conduct of a juror in leaving his seat, during the course of the trial and while a witness is on the stand, for the purpose of adjusting one of the courtroom windows is in nowise prejudicial to the defendant, where the court immediately admonishes such juror, has the reporter read the question which the juror might have missed, and then sustains an objection to such question.

[2] ID.—DEGREES OF CRIME—CODE PROVISIONS INAPPLICABLE.—Neither section 1157 of the Penal Code, which provides that "Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty," nor section 1159 of that code, which provides that "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense," is applicable to the crime of assault with intent to commit rape where the prosecuting witness is under the age of consent.

[3] ID.—FAILURE TO PRESENT INSTRUCTIONS—WAIVER.—In a prosecution for assault with intent to commit rape, the defendant cannot complain of the failure of the court to instruct the jury that they might find the defendant guilty of simple assault, where he presented no instructions to the court directing the jury that they might find the defendant guilty of the lesser crime.

[4] ID.—DISCREPANCIES IN EVIDENCE—PROVINCE OF JURY—INFERENCES—APPEAL.—In this prosecution for assault with intent to commit rape, although there were discrepancies and variations between the testimony of the prosecuting witness given in the two preliminary examinations as compared with her testimony given at the trial, those were questions for the jury, and not for the appellate court, and as there was evidence from which a rational inference of the guilt of the defendant might be drawn, the appellate court's inquiry could go no further.

[5] ID.—MISCONDUCT OF DISTRICT ATTORNEY—WAIVER OF OBJECTION—INSTRUCTIONS.—In such a prosecution, the defendant cannot on appeal complain of the conduct of the district attorney in his closing argument to the jury, where the remarks of the district attorney are not assigned as error, and the court is not requested to take any action with reference thereto, and in the general

instructions given by the court the jury are instructed that the arguments of counsel are not evidence and that the only legitimate purpose of argument is to assist them in arriving at a proper verdict from the evidence in the case, applying to such evidence the law as given by the court.

APPEAL from a judgment of the Superior Court of Alameda County. George Samuels, Judge. Affirmed.

The facts are stated in the opinion of the court.

Geo. Ingraham for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NEEDHAM, J., *pro tem.*—The defendant was charged by information with the crime of assault with intent to commit rape. He was convicted of that crime and now appeals from the final judgment and from the order denying his motion for a new trial. The prosecuting witness is the defendant's daughter, fourteen years of age.

[1] The first point presented by the defendant is the alleged misconduct of a juror, who, during the course of the trial and while a witness was on the stand, left his seat for the purpose of adjusting one of the courtroom windows. The court immediately admonished the juror, and said, ''Mr. Reporter, will you turn back and read that question again?'' The question was re-read by the reporter. The court thereupon sustained an objection to the question. It is evident from the record that if in fact the juror did not hear the question while he was adjusting the window, the court had the question re-read, for the evident purpose so that the juror should not miss whatever he possibly may not have heard while he was adjusting the window. The fact that the question was not allowed makes it manifest that the action of the juror in leaving his seat and adjusting the window was in nowise prejudicial to the rights of the defendant.

[2] The next point made by the defendant is that the court erred by not instructing the jury that they might find the defendant guilty of simple assault, and the defendant in support of that contention cites sections 1157 and 1159 of the Penal Code. Section 1157 of the Penal Code reads as follows: ''Whenever a crime is distinguished into degrees,

the jury, if they convict the defendant, must find the degree of the crime of which he is guilty.'' The crime of assault to commit rape (section 220 of the Penal Code) is not divided into degrees, and, therefore, section 1157 of the Penal Code cannot apply to this case. Neither does section 1159 of the Penal Code apply, and it is so decided in the case of *People* v. *Gomez*, 118 Cal. 326 [50 Pac. 427]. It is therein held that assault is not an element of ''assault with intent to commit rape'' where the prosecuting witness is under the age of consent. It is stated in that case: ''It is claimed that the court committed an error in charging the jury that their verdict should be either guilty of the offense charged, or not guilty. It is insisted that by such charge the court in effect told the jury that the offense of 'assault' was not included in the information. We assume that such was the effect of the instruction, and yet upon such assumption the charge given was the only proper one. The prosecutrix was a girl under the age of consent. Whatever occurred between her and the defendant took place with her entire free will. . . . Under such circumstances, the offense of 'assault' is not in the case. The evidence in no way points toward it; for an attempt to use force is a necessary element to every assault. Here, there is no pretense of such an attempt.''

[3] Furthermore, it appears that the appellant presented no instructions to the court directing the jury that they might find the defendant guilty of a lesser crime. The appellant, therefore, cannot complain. (*People* v. *Worden*, 113 Cal. 569 [45 Pac. 844]; *People* v. *Bailey*, 142 Cal. 434 [76 Pac. 49].)

[4] The defendant presents as his next point for a reversal that the verdict of the jury is contrary to law and the evidence in the case. The counsel for the defendant shows great industry in the briefs which he has filed upon this branch of the case. After a most careful examination of the entire record, including a painstaking consideration of the argument of counsel for defendant, it amounts to little more, as we view it, than a re-argument of the facts adduced before the jury, and is a plea, in effect, that the jury should not have given credence to the testimony of the prosecuting witness because of some variations in her testimony. It appears that there were two preliminary exami-

nations held in the case, and there are some discrepancies and variations between the testimony given by the prosecuting witness in the preliminary examinations as compared with her testimony given upon the trial in the superior court. These are questions, however, for the jury, as has been repeatedly held by the appellate courts of this state.

In the case of *People* v. *Cesena,* 90 Cal. 381 [27 Pac. 300], the following language appears from the decision: "The defendant, having been convicted of assault with intent to commit rape, appeals from the judgment and an order refusing him a new trial. . . . He contends that the testimony of the main witnesses against him is contradictory, and so improbable that they are not to be believed; that it furnishes proof of a conspiracy, and that the charge is a pure fabrication. But it does not strike us in that way. . . . We do not attribute very much importance to the testimony as to time. It is easy to be mistaken in such matters. And then the value of the evidence depends largely upon the credibility of the witnesses,—a matter peculiarly for the jury."

We do not consider it necessary to review the testimony given upon the stand in this case. It is of a sordid nature, and no useful purpose will be served thereby. It is well established in this state that if this court finds any evidence from which a rational inference is drawn that the defendant is guilty, the court's inquiry can go no further. (*People* v. *Bond,* 13 Cal. App. 182 [109 Pac. 150].)

[5] The last and concluding ground which the defendant urges is that the district attorney committed error in his closing argument to the jury. We have carefully examined the entire argument of the district attorney, and we are of the opinion that the district attorney did not commit prejudicial error. Furthermore, it appears from the record that the attorney for defendant interrupted the district attorney's closing argument but twice. The record shows that upon the first interruption the following proceedings took place: "Mr. Ingraham: If your Honor please, I don't think the district attorney ought to make that kind of a remark. The Court: Do you desire it stricken from the record? Mr. Ingraham: I do. The Court: It is stricken from the record and the jury instructed to disregard it." Upon the second interruption, the record shows that a colloquy took place between the

attorney for the defendant and the district attorney, but it nowhere appears that the attorney for the defendant assigned the remark of the district attorney as erorr, or requested the court to take any action. Under these circumstances, the defendant cannot complain. (See *People* v. *Warr,* 22 Cal. App. 663 [136 Pac. 304], and *People* v. *Mancuso,* 23 Cal. App. 146 [137 Pac. 278].)

In the case of *People* v. *Panagoit,* 25 Cal. App. 158, on page 165 [143 Pac. 70, 73], appears the following: "It was the duty of the counsel for the defendant to call the attention of the court to improper remarks then and there, so that the court might have advised the jury to disregard them. It is too late to raise such question for the first time on appeal." (Citing authorities.)

Again, in the case of *People* v. *Vaughn,* 25 Cal. App. 737 and 738 [147 Pac. 116], we quote the following: "In regard to the alleged misconduct of the district attorney, we think that while the comment of that officer upon the conduct and character of the defendant may have been somewhat harsh, nevertheless it was apparently but a deduction from the evidence. . . . Moreover, there was no request to the trial court to admonish the jury to pay no heed to the alleged misconduct. It has been the rule of this court— and we think the settled rule generally—that even though misconduct be conceded, in the absence of a request to the court to admonish the jury to pay no heed to it, complaint of the same will not be heard in this court." Furthermore, in the general instructions given by the court to the jury as to the law of the case, we quote the following: "While it was your duty to listen to and consider the arguments of counsel, I instruct you that such arguments are not evidence; that the only legitimate purpose of argument is to assist you in arriving at a proper verdict from the evidence in the case, applying to such evidence the law as given you by the court. Your duty is to decide this case upon the evidence introduced upon this trial, applying to such evidence the law as given you by the court and in so doing you have no right to be controlled by the opinion of an attorney in the case either for the prosecution or the defendant." The court also instructed the jury as follows: "The law will not permit jurors to be governed by mere sentiment, conjecture, sympathy, passion or prejudice. A verdict

founded upon sentiments of pity for the accused or upon public opinion or public feeling or upon passion or prejudice or upon conjecture would be a false verdict.''

For the reasons herein given we believe that the defendant was fairly tried and legally convicted, and the judgment and order denying the motion for a new trial are affirmed.

Tyler, P. J., and St. Sure, J., concurred.