STATE v. SMITH.

No. 5749. Decided November 25, 1936. [62 P. (2d) 1110.]

484

*B. E. Roberts,* of Salt Lake City, and *Fred R. Morgan,* of Murray, for appellant.

*Joseph Chez,* Atty. Gen., and *Zelph S. Calder,* Deputy Atty. Gen., for the State.

FOLLAND, Justice.

Defendant was charged by the information of the district attorney of the Third judicial district with the crime of statutory rape; that is, sexual intercourse with a girl under the age of thirteen years. He was convicted by the jury of the crime of assault with intent to commit rape. He appeals and assigns numerous errors. It will serve no useful purpose to recite the facts testified to by the witnesses. The evidence for the State tended to prove the commission of the completed crime of rape as charged. The testimony offered by

the defendant was in direct conflict with that of the State and tended to prove that the charged crime had not been and could not have been committed by him.

Error is assigned to the court's refusal to permit counsel for appellant to interrogate the prosecuting witness on cross-examination, as to whether she had suffered or indulged in acts of sexual intercourse prior to the one she testified had been committed by appellant. Previous illicit intercourse constitutes no defense and furnishes no ground for justification or excuse. The law condemns an act of intercourse with a female under thirteen years of age whether accomplished with or without her actual consent, because in law she cannot consent, and regardless of her previous chastity or lack of chastity. *State* v. *Hilberg*, 22 Utah 27, 61 P. 215; 22 R. C. L. 1211. The purpose of the cross-examination, as announced by counsel, was to test credibility and to show motive. The general rule is that a prosecutrix of such age may not be cross-examined as to previous acts of intercourse for the purpose of testing her credibility as a witness. Note, 65 A. L. R. 425; note, 48 L. R. A. (N. S.) 272. This court has recognized this rule, although not squarely deciding that question. *State* v. *Scott*, 55 Utah 553, 188 P. 860, 865; *State* v. *Hanna*, 81 Utah 583, 21 P. (2d) 537. In cases of rape where prosecutrix is over the age of consent, her bad reputation for chastity is a proper matter for consideration of the jury as affecting her credibility and as bearing on the probability of consent. *State* v. *McCune*, 16 Utah 170, 51 P. 818; 1 Wharton's Crim. Evid. 481. On the other hand, in cases of statutory rape evidence of prior loose conduct of prosecutrix as tending to show consent is immaterial. The law says she cannot consent. *State* v. *Newman*, 88 Mont. 558, 294 P. 377; *State* v. *Duncan*, 82 Mont. 170, 266 P. 400; *State* v. *McPadden*, 150 Minn. 62, 184 N. W. 568; *State* v. *Dowell*, 47 Idaho, 457, 276 P. 39, 68 A. L. R. 1061. In some jurisdictions the courts hold that the prosecuting witness may be examined as to previous acts of immorality on her part as affecting her credibility as a wit-

ness. Note, 65 A. L. R. 426; *State* v. *Apley,* 25 N. D. 298, 141 N. W. 740, 48 L. R. A. (N. S.) 269; *State* v. *Johnson,* 129 Kan. 207, 282 P. 723; *Rowe* v. *State,* 155 Ark. 419, 244 S. W. 463. There are grounds for distinction between examination of a prosecutrix as to previous conduct showing her to be a common prostitute and merely as to isolated acts of intercourse. The former conduct would indicate a low state of morals and affect credibility as a witness, while isolated acts might have no such bearing. *Hastings* v. *State,* 119 Tex. Cr. R. 507, 43 S. W. (2d) 113.

Where the State, as in this case, relies not merely on the testimony of the prosecutrix respecting the particular act constituting the offense, but introduces expert medical testimony tending to show that an act of sexual intercourse has been committed, thereby tending to corroborate the prosecutrix by testimony from which an inference may be falsely drawn that defendant committed the act, then it would be proper to permit defendant to introduce evidence tending to show that the prosecutrix had previously had sexual intercourse with others. Such evidence would negative any inference of defendant's guilt to be drawn from the testimony alone of the medical expert. This doctrine will be referred to later in discussing the ruling wherein the court restricted cross-examination of the medical witness, but is no aid in passing on the objection to the cross-examination of the prosecutrix for the reason that she was the first witness in the case and at the time of her cross-examination the medical testimony had not been given. *State* v. *Pettit,* 33 Idaho, 326, 193 P. 1015. No attempt was made to elicit this kind of testimony from the prosecuting witness after the introduction of the medical testimony.

Appellant contends he is entitled to show other acts of intercourse as bearing on motive; that is, that the prosecutrix made the accusation against him in order to shield

others. If this could be proved, it would be proper
to do so. In the case of *State* v. *Scott,* supra, it was ■
said:

"It was the theory of counsel for the defendant, however, that
the prosecutrix in this case had had intercourse with the individual
heretofore referred to; that she tried, but was unable, to see such
individual, and that for that reason and in order to shield herself
in view of her supposed pregnancy she wrongfully charged the de-
fendant with the offense. No doubt if such were the case the defen-
dant would have the right to prove by her on cross-examination, if
he could, that such was her purpose in lodging the complaint against
the defendant, and, in order to establish the fact, he no doubt would
be permitted to prove that she had had intercourse with the indi-
vidual aforesaid. Under such circumstances it is always proper to
show the motives of the prosecuting witness, and, if such be the fact,
that she is wrongfully accusing the defendant either to shield herself
or to shield another. 33 Cyc. 1454, 1455; *Shoemaker* v. *State,* 58 Tex.
Cr. R. 518, 126 S. W. 887."

However, at the time the question was asked there was not
anything in the record on which any such claim could be
based. The prosecutrix had been asked if she knew certain
boys whose names were propounded to her and she had
answered in the negative.

One fact testified to by the prosecutrix might tend to lend
color to the suspicion that she might have made the accusa-
tion against defendant in order to shield someone else.
No complaint by the prosecutrix had been made to her
mother or any officer concerning the claimed assault by de-
fendant until more than a month later, when she had been
taken into custody, for some reason not disclosed by the
evidence by the truant officer of the school, whereupon she
made the accusation that the defendant had intercourse with
her about a month previous thereto.

In cases of this kind where the conviction of a defendant
may rest alone on the uncorroborated testimony of the prose-
cutrix, the court should allow the greatest latitude in cross-
examination for the purpose of eliciting any fact
which would affect credibility, show improper mo- ■
tive, or in any way aid the jury in determining whom

it will believe. *State* v. *Hilberg*, supra; *State* v. *Warner*, 79 Utah, 510, 13 P. (2d) 317; 70 C. J. 680. Mr. Wigmore, in his excellent work on Evidence (1934), Supp. to Second Ed., p. 180, says:

"The prudence and the necessity of examining thoroughly the past conduct of the woman-complainant in such cases, in order to protect the accused against false charges, is now amply understood by the medical profession, and should be conceded by the law of Evidence."

See, also, pages 379 to 388, ibid.

In this case the defendant took the witness stand and denied having had sexual relations with the young girl. As to the specific act, her testimony stands alone against his. Each is corroborated respecting other matters. As to the fact of intercourse the only corroboration of the prosecutrix is that of a medical expert, Dr. R. J. Alexander, a physician who examined her a month and ten days after the alleged intercourse by defendant. Dr. Alexander testified that the hymen had been broken and that the vagina was "unusual" for a girl of her age and that in his opinion the condition found indicated she had had intercourse. The defendant on cross-examination sought to elicit from the doctor his opinion as to whether the condition found indicated more than one intercourse. Objection by the State was sustained and the defendant restricted in his cross-examination. Appellant relies on the doctrine above stated that where the State introduces medical testimony tending to show that an act of intercourse has been committed with prosecutrix, the defendant may introduce evidence of intercourse with others to negative the medical testimony as pointing to the guilt of defendant because of the false inference which might arise therefrom. *State* v. *Pettit*, supra; *State* v. *Smailes*, 51 Idaho 321, 5 P. (2d) 540; *State* v. *Apley*, supra; *State* v. *Paddock*, 86 Mont. 569, 284 P. 549. The rule is stated in 22 R. C. L. 1211, as follows:

"There is, however, authority to the effect that the evidence introduced by the prosecution may be such as to make evidence of prior intercourse or prior unchastity admissible. Thus where the prosecu-

tion proves by physicians that the prosecutrix had had sexual intercourse, it has been held that it is permissible for the defendant to introduce evidence of a bad reputation for chastity or prior acts of intercourse with others."

So also where pregnancy is shown. *State* v. *Jordan*, 57 Utah 612, 196 P. 565; *State* v. *Orton*, 69 Utah 304, 254 P. 1003; *State* v. *Hanna*, supra; *State* v. *McPadden*, 150 Minn. 62, 184 N. W. 568; 52 C. J. 1082.

The evidence of Dr. Alexander was introduced for the purpose of corroborating the testimony of prosecutrix that she had had sexual relations with defendant. The corroboration, however, did not go to the identity of the person by whom the act was committed, nor to the time ■ claimed, but merely to the fact of prior intercourse with some one. The cross-examination, limited as it was, would have a tendency to leave the impression with the jury that the testimony of prosecutrix had been corroborated even to the extent that the defendant had intercourse with her. Defendant was entitled to cross-examine the doctor further along the line indicated by his question, and also to prove, if he could, previous acts of intercourse by the girl with persons other than the defendant. For these reasons a new trial should be granted.

Because a new trial is ordered, we shall consider other alleged errors presented in the arguments and briefs. It is contended that defendant did not have a public trial because of the exclusion order made by the court. The record shows the following proceedings were had:

"Mr. Rawlings (The District Attorney) : At this time counsel will stipulate that the spectators be excluded from the court room, other than those who have some interest in the case, probably relatives or intimate friends.

"The Court: It has been stipulated between counsel that the court exclude all persons not interested or in some way connected with the case. That will mean everyone who is not connected with the case in some way, or who has some interest in the matter which will make it desirable to have them present. The personnel of the court, the defendant and his attorneys, the District Attorney or his assistants, and

the witnesses as they are called to testify, and members of the Bar are not included in the order, nor the members of the press, but all other persons not in any way connected with the case, will immediately retire from the court room."

It is reasonably clear from the language used that relatives and friends were not intended to be excluded from the courtroom and there is no complaint that any such persons were in fact excluded. The applicable rule is well expressed in 1 Cooley's Constitutional Limitations (8th Ed.) p. 647, as quoted and approved by this court in State v. Bonza, 72 Utah 177, 269 P. 480, 483:

"It is also requisite that the trial be *public*. By this is not meant that every person who sees fit shall in all cases be permitted to attend criminal trials; because there are many cases where, from the character of the charge and the nature of the evidence by which it is to be supported, the motives to attend the trial on the part of portions of the community would be of the worst character, and where a regard to public morals and public decency would require that at least the young be excluded from hearing and witnessing the evidences of human depravity which the trial must necessarily bring to light. The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions; and the requirement is fairly observed if, without partiality or favoritism, a reasonable proportion of the public is suffered to attend, notwithstanding that those persons whose presence could be of no service to the accused, and who would only be drawn thither by a prurient curiosity, are excluded altogether."

The order made in this case was not so drastic as the orders condemned in State v. Bonza, supra, and State v. Jordan, supra. Under the circumstances shown, where it is clearly indicated that friends and relatives of the accused were not excluded, and the order was made on stipulation of counsel, the defendant is not in a position to urge that the case be reversed because of the making and enforcing of such an order. The record does not show a verbal concurrence by either the defendant or his counsel to the stipulation announced by the district attorney,

but it does show that they were present in court and acquiesced silently in the stipulation stated. Neither of them objected to the making of the order and did not at the time, nor do they now, represent that the defendant was prejudiced or in any way deprived of the aid or counsel of any person whose presence might have been of advantage to him. In these respects also the case differs from *State* v. *Bonza* and *State* v. *Jordan*, supra, where the exclusion orders of the court, under objection when made, actually excluded relatives and friends of the defendant whom he was entitled to have present in court. It should not be inferred that a stipulation or consent of defendant or his counsel is necessary to an order of exclusion. We have merely attempted to pass on the facts of the case before us. In a proper case the court could make such order on its own motion, or on motion of either counsel over objection of the other, provided always the defendant is safeguarded in his right to a public trial as defined herein.

At the beginning of the trial, all witnesses were excluded from the courtroom except the one presently testifying. Notwithstanding this order, Dr. Leslie B. White, a witness for the State, used in rebuttal, was present in court while Dr. Walter S. Keyting, a witness for the defendant, was testifying. Counsel for the State represented he believed that counsel for the defense had stipulated Dr. White could be present while Dr. Keyting was testifying. Counsel for defendant had a different understanding of their conversation, and when Dr. White was called to testify, objection was made that he had been in the courtroom while another witness had testified. The court overruled the objection. There was no suggestion that Dr. White was in contempt of the court's order. It is apparent from the record that there was a misunderstanding between counsel which resulted in the objection. It is a matter within the sound discretion of the trial judge as to whether a witness who has been present during part or all of the examination of any other witness should be permitted to testify

in the face of an exclusion order. The record discloses no reason why we should hold the court abused its discretion in this particular. The objection by defendant is not well taken.

The court instructed the jury that included in the crime of rape, as charged in the information of the district attorney, were the crimes of assault with intent to commit rape, and assault, and that the defendant might be convicted of the offense specifically charged or either of the included offenses as their deliberations resulted. No objection was made or exception taken to the charge as given and no request was made by defendant for any other or different charge as to included offenses. It is now contended that the crimes of assault with intent to commit rape and simple assault are not included offenses when the charge is statutory rape and there is no charge that force or violence was used, and also that the court should have instructed, instead of instructing as it did, that the defendant could have been convicted either of the crime of rape as charged in the information or of attempt to commit rape.

In view that a new trial is ordered, we consider it advisable to discuss these alleged errors, notwithstanding the attention of the trial court was not called to the matter and there is no objection or exception in the record. We have recently indicated that this may be done in ■ certain cases. *State* v. *Cobo,* 90 Utah 89, 60 P. (2d) 952, 953. It is also said in that decision that the court, being required by statute to instruct the jury as to the law applicable to the crime charged in the information, should, even though no request is made for it, charge the jury with respect to the included offenses when the evidence so justifies.

This court has held that assault with intent to commit rape is included in the charge of statutory rape. *State* v. *Blythe,* 20 Utah 378, 58 P. 1108. We are satisfied with this holding and see no reason to now abandon it. The reason for the rule is that a girl under the age of ■ thirteen is by statute (Rev. St. 1933, 103-51-15) in-

competent to consent to the act of intercourse, and it would logically follow that she is without power to consent to an assault where the intent was to commit intercourse with her. If she could not consent to the completed act, she may not consent to any essential criminal part of it. Note, 81 A. L. R. 601, and cases cited. The crime of assault with intent to rape is accomplished by one who lays hands on such a girl with the intent and for the purpose, then and there, to accomplish an act of sexual intercourse with her, even though he does not use or intend to use force or violence, and the girl offers no resistance or even consents to all he does. *People* v. *Babcock*, 160 Cal. 537, 117 P. 549; *State* v. *Roby*, 194 Iowa, 1032, 188 N. W. 709. So likewise it was not error to charge that "assault" is an included offense, where the evidence would support a finding of "an unlawful attempt coupled with a present ability to commit a violent injury on the person of another." Section 103-7-1, R. S. 1933. The prosecutrix testified the defendant took her by the wrist and drew her into another room and there placed his hand over her mouth so she could make no outcry. In support of his contention that assault is not an included offense, appellant cites *People* v. *Gomez*, 118 Cal. 326, 50 P. 427, and *People* v. *Spady*, 64 Cal. App. 567, 222 P. 191. The second decision rests on the first. It will be noted in *People* v. *Gomez* that the court based its decision on the evidence that whatever occurred between defendant and the girl, who was under the age of consent, took place with her entire free will, and said:

"Under such circumstances, the offense of 'assault' is not in the case. The evidence in no way points towards it, for an attempt to use force is a necessary element of every assault. Here there is no pretense of such an attempt."

Where rape with force or violence is charged, undoubtedly assault is an included offense. *State* v. *Hyams*, 64 Utah 285, 230 P. 349, 350. Mere carnal knowledge of a girl under

thirteen years of age is rape under our statute whether accomplished with or without the girl's consent, and with or without the use of force. Any allegation of force would be mere surplusage.

The statute, Section 105-34-6, R. S. 1933, provides that the jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense. The crime of assault with intent to commit rape is not the same offense, as that of an attempt to commit rape and the former is not the exact equivalent of the latter. *State* v. *Hyams*, supra. In this latter case the following from 22 R. C. L. 1235 is quoted with approval:

"An attempt to rape is an offense distinct from rape or an assault with intent to rape, and comprehends elements different from those which combine to constitute either of those offenses; an attempt to commit rape may be established by proof of threats, but an assault with intent to commit rape cannot."

It would follow, therefore, that where the evidence permits, the trial court should instruct the jury with respect to offenses included in the charged offense and also that they may find the defendant guilty of an attempt to commit the offense charged.

The judgment of conviction is set aside, and the cause remanded to the district court of Salt Lake county, with directions to grant a new trial.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.