## STATE v. WAID.

No. 5807.   Decided April 30, 1937.   (67 P. [2d] 647.)

298

*Christenson, Straw & Christenson,* of Provo, for appellant.

*Joseph Chez,* Atty. Gen., and *Zelph S. Calder,* Deputy Atty. Gen., for the State.

HANSON, Justice.

The defendant was charged with the crime of assaulting and taking indecent liberties with the person of a girl 12 years of age. He was found guilty of simple assault and sentenced to serve three months in the county jail. Defendant appeals.

The evidence of the prosecution may be summarized as follows: Defendant came to the home of the victim of the alleged assault in the evening of July 20, 1935. She and her sister, aged 8, and two other girls were there. He asked if they had seen any boys take anything out of a car which stood about two houses down the street. The car, however, was not his. He asked the girls to go over to the Parker School with him to see if there were boys there. They went over to the school building and defendant told the alleged victim and her sister to go on the east side and the other two girls to go on the other side. Defendant accompanied the sisters and, under the pretext of seaching for the things he claimed were stolen, placed his hands inside the bloomers of the 12 year old girl and felt of her person. This, as plaintiff's testimony shows, he did twice.

Two other girls, aged 17 and 14, respectively, testified to seeing defendant with the two girls at the Parker School on July 20th in the evening about dusk. The older girl

testified she saw that he had his hand inside the bloomers of the girl so assaulted at two different times. The victim testified that she and her sister both tried to get away, but he kept hold of them and pulled them around the building.

Defendant denied being at the Parker School or seeing the girls at all on the evening of July 20th. He gave testimony by himself and two other witnesses that on that evening, covering more than the entire time when the acts complained of were alleged to have been committed, he was at his home and place of business. He conducted a secondhand store next to his home about half a mile from the Parker School.

The court instructed the jury that, included in the crime charged in the information, to wit, indecent assault, is the lesser offense of simple assault, which is a misdemeanor, and that it was for the jury to determine whether simple assault had been committed in the event they were not satisfied beyond a reasonable doubt that the offense of indecent assault had been committed.

In considering the question of included offenses, under our statute, the following proposition was announced by this court in *State* v. *Woolman*, 84 Utah 23, 33 P. (2d) 640, 645, 93 A. L. R. 723:

"The statute allows conviction for any lesser offense necessarily included in the offense charged in the indictment or information, but does not allow conviction of any lesser offense stated in the indictment unless it is necessarily included in the greater offense. The lesser offense must be a necessary element of the greater offense and must of necessity be embraced within the legal definition of the greater offense and be a part thereof."

Section 103-7-9, R. S. Utah 1933, provides:

"Every person who shall assault a child, whether male or female, under the age of fourteen years, and shall take indecent liberties with or on the person of such child, without committing, intending or attempting to commit the crime of rape, upon such child, with or without the child's consent, is guilty of a felony."

It seems clear that by the very terms of the statute itself a simple assault is a necessary element of the greater offense so defined and must of necessity be embraced within that definition. The terms "indecent assault" and "indecent liberties" have been held to be convertible terms. *State* v. *Macmillan*, 46 Utah 19, 145 P. 833. Indecent assault is an aggravated assault, and simple assault is necessarily included therein. 5 C. J. 729.

Because the statute has eliminated the question of consent, in so far as the offense defined therein is concerned, does not, of itself, exclude the lesser offense of simple assault from being an included offense so as to require, in every case, a finding of guilt of the defined offense or of no offense at all. That, we think, is true in this State, where an assault is an unlawful attempt coupled with a present ability to commit injury on the person of another. Section 103-7-1, R. S. 1933. We must look to the charge made to determine whether, as an abstract matter, the lesser crime is an included offense. Charging the offense of indecent assault necessarily charges a common assault, for the former offense is necessarily attended with the latter. The acts for which the defendant is held may fall short of constituting an indecent assault, because, under the evidence, what was done may not come within the classification of taking indecent liberties with the person assaulted, and yet these same acts might be such that, under the evidence, the matter of whether a simple assault had been committed should be submitted to the jury. This court in the case of *State* v. *Smith*, 90 Utah 482, 62 P. (2d) 1110, held that under a charge of statutory rape upon a girl under the age of 13 years, being under the age of consent, it was not error to charge that assault is an included offense where the evidence would support a finding of simple assault. To the same effect are the following cases: *State* v. *Hoaglin*, 207 Iowa 744, 223 N. W. 548, 552; *State* v. *Brown*, 216 Iowa 538, 245 N. W. 306; *State* v. *Swolley*, 215 Iowa 623, 244 N. W. 844; *State* v. *Jackson*, 65 N. J. Law 105, 46 A. 764; *State* v.

*McLeavey*, 157 Minn. 408, 196 N. W. 645; *People* v. *Gibson*, 232 N. Y. 458, 134 N. E. 531. In the case of *State* v. *Hoaglin*, supra, the court says:

"When an indictment or county attorney's information charges a defendant with the crime of rape (statutory or otherwise), it also charges him with the included offenses, to wit: Assault with intent to commit rape, assault and battery, and simple assault. As to whether or not the court should submit any one or more of these included offenses depends wholly upon the evidence."

The principle thus announced had been applied in the case of *State* v. *Roby*, 194 Iowa 1032, 188 N. W. 709, 713, in which it was held that the trial court "properly instructed the jury that defendant could not be convicted of the crimes usually included in such a charge as this [rape upon a female under age of consent], of simple assault or assault and battery, because the prosecuting witness consented, and could legally consent to the touching of her person." See, also, *State* v. *Blair*, 209 Iowa 229, 223 N. W. 555. To the same effect is *People* v. *Gomez*, 118 Cal. 326, 50 P. 427. We think the trial court properly submitted to the jury the matter of determining whether defendant committed a simple assault should they find him not guilty of the graver offense charged.

Defendant's chief contention before us arises out of those features of the case affecting his defense of alibi. The court gave no instruction directly covering this defense and no instruction in relation thereto was requested by the defendant. The court, however, gave the following instruction:

"You are instructed that it is not necessary for the State to prove the alleged offense, if any, was committed on the 20th day of July, but any date on or about that time is sufficient if you find from a preponderance of the evidence that the offense charged was committed under substantially the conditions detailed by the witnesses for the State."

Defendant contends that this instruction had the effect of depriving him of his right to have the jury consider and

pass upon his defense of alibi. Fairly interpreted, this instruction would permit the jury to find defendant guilty though they believed the offense was committed on any day about the 20th of July, and that there was a preponderance of evidence to the effect that the offense was committed under substantially the same conditions as testified to by the State's witnesses. The court instructed, in effect, that the precise date when the crime was committed was not material, provided the jury were satisfied that the evidence preponderated in favor of a finding that the charged offense had been committed in a manner and at a time and place substantially as the State's witnesses testified.

It would seem that when the defense of alibi is interposed, the date when the crime is alleged to have been committed becomes material. Especially is this true where the evidence of the State is all to the effect that the crime, if any, was committed on a certain date. The trial court ought to restrict the jury in their deliberations to the date thus fixed by the evidence and not permit them to speculate whether the acts might have taken place on some other date not shown by the evidence. *State* v. *Hanna,* 81 Utah 583, 21 P. (2d) 537. Some courts have held that, where the defense of alibi is interposed, the time of the commission of the offense becomes so material that it is prejudicial error to instruct the jury that the time is not material. See *State* v. *King,* 50 Wash. 312, 97 P. 247, 16 Ann. Cas. 322; *State* v. *Moss,* 73 Wash. 430, 131 P. 1132; *State* v. *Morden,* 87 Wash. 465, 151 P. 832; *State* v. *Abbott,* 65 Kan. 139, 69 P. 160.

This question, however, was before this court in the case of *State* v. *Rosenberg,* 84 Utah 402, 35 P. (2d) 1004, 1008, in which the holding in the case of *State* v. *Distefano,* 70 Utah 586, 262 P. 113, was analyzed and applied and some of the above cited cases were referred to. In speaking of the decision in the Distefano Case, the court said:

"The court evidently took the view that since the trial court, with such particularity as was done, limited and restricted the jury to a

finding of the particular sexual act of intercourse at a particular designated place, before they were justified in finding the defendant guilty, the time at which such act was committed, being the identical act relied on by the state for a conviction, was immaterial."

The court then continues in the following language:

"In accordance therewith, it follows that since the court in the case in hand before they could convict the defendant limited and restricted the jury to a finding that the sexual act of intercourse was had between the defendant and the prosecutrix on the lawn of the campus of the B. A. C., the charge, in effect, that the jury were authorized or permitted to find that such act was committed 'on or about the 26th day of June,' was not, in view of the record, misleading or erroneous, at least not prejudicial, for * * * it is just as reasonable to believe, if not more so, that the jury on the record by their verdict found that the offense was committed on the 26th of June, a finding amply supported by evidence, rather than that the jury found the offense was committed on some other day and occasion, of which there was no evidence to support it."

The court comes to the following conclusion:

"In view that, to convict the defendant, the court limited and restricted the jury to a finding of the particular sexual intercourse by him with the prosecutrix on the campus of the B. A. C., and no evidence to show that an offense was committed at any other place or time, we think, because of prior decisions in this jurisdiction, no error was committed by the charge of the court that the state was required to prove that the offense was committed 'on or about the 26th day of June,' instead of charging that the state was required to prove that it was committed on the '26th day of June.' "

It will thus be seen that while this court declined to give full effect to the proposition that the defense of alibi requires the State to prove that the offense occurred on the exact date which it elects to prove, it does not approve an instruction to the effect that the State is not thus restricted. In these cases the court simply held there was no reversible error in view of the record as a whole.

The instructions in the instant case, however, do not confine the jury as definitely and with such particularity as

to the exact offense relied upon and which must be found in order to convict as did the instructions in the Distefano and Rosenberg Cases. Nowhere in the instructions is the place where it is claimed the offense occurred referred to, nor are the jury instructed that they must find that the offense occurred at the Parker School, the place fixed by all of the State witnesses. They were but instructed that they must find the offense occurred under substantially the same conditions as testified to by the State's witnesses. The jury might reasonably conclude that the word "substantially" gave the State the same leeway as to definiteness in all its proof as was to be applied to the matter of time, for to find that the offense occurred on or about July 20th would be a finding that it occurred substantially on July 20th. While it might be said that there was no evidence that the offense was committed under conditions other than as testified to by the State's witnesses, neither was there any evidence that it was committed at any other time than the 20th of July. The instruction, therefore, was misleading and permitted the jury to speculate on matters concerning which there was no evidence.

The prejudicial nature of the instruction heretofore quoted is further emphasized since, under it, the State was required to prove by a preponderance only of the evidence that the offense was committed under substantially the conditions as detailed by the State's witnesses. When it is considered that that language was used in connection with, and in the same instruction covering, proof required by the State to establish the date of the offense in order to convict, it becomes apparent that defendant's defense of alibi lost most if not all of its value to defendant. That the instruction has this effect, is conceded by the State. The State contends that the Legislature, in passing chapter 120, Laws of Utah 1935, requiring a defendant to give certain notice that he intends to rely on an alibi as a defense, intended that when such defense is interposed the jury need find that the evidence only proponderates that the time and place of the

offense were as maintained by the State or that the offense was committed under substantially the same conditions as related by the State's witnesses, and that the quoted instruction did no more than give effect to such legislation.

We do not think the Legislature had any such intent. The defense of alibi has always been considered a legitimate and proper defense. It frequently happens that it is the only defense an accused has. That it might lend itself to fraud and perjury was recognized by our Legislature. This does not say, however, that chapter 120, Laws of Utah 1935, was intended as a disparagement of the defense and places a defendant invoking such defense under a handicap as to the quantum of proof necessary to convict, that would not otherwise be the case had he not invoked such defense. Its purpose clearly is to erect safeguards against the wrongful use of the defense of alibi and give the prosecution time and information to investigate the merits of such defense. With such safeguards the natural effect would be to give greater weight, not less, to an alibi which such investigation has failed to refute.

In 16 C. J. 1058, it is stated that

"as a general rule the court is not required to instruct on the defense of alibi in the absence of a proper request therefor."

In the case of *State* v. *Saunders*, 82 Utah 170, 22 P. (2d) 1043, 1045, this court held that

"where the evidence is offered tending to show that a defendant was elsewhere when the crime is alleged to have been committed, he is entitled to an instruction as to the evidence of alibi, especially when a request is made for such an instruction."

As before stated, the defendant made no request that an instruction be given covering the defense of alibi. But the court, instead of giving a proper instruction covering this phase of the case, as we think ought to have been done, gave the instruction heretofore quoted, which could only have a prejudicial effect so far as defendant was concerned, as

heretofore indicated. The situation, in view of what has been said, assumes a more serious aspect than a mere failure to instruct on the alibi phase of the case.

In addition, the instruction was inconsistent and contradictory to other instructions in the court's charge. It would permit a verdict of guilty if the jury believed from a preponderance of the evidence that the offense occurred under conditions substantially as detailed by the State's witnesses. In other instructions the essential elements of the charged offense and the included offense were detailed and the jury told the State must prove each detail beyond a reasonable doubt. We thus have a case of conflicting and contradicting instructions pertaining to the quantum of proof necessary to be found by the jury before it renders its verdict. An identical situation on principle was before this court in *Sorenson* v. *Bell*, 51 Utah 262, 170 P. 72, 74. In reversing the judgment, this court said:

"At most it would merely present a case where two instructions were given upon the same subject, one proper and the other improper. Where such is the case, and the evidence is conflicting upon the subject covered by the instructions, or is such that more than one conclusion is permissible, and the record leaves it in doubt whether the jury followed the instruction that is proper or the one that is improper, then but one result is legally permissible in this court, and that is to reverse the judgment and grant a new trial to the aggrieved party."

The rule was also stated by this court in *Konold* v. *Rio Grande W. Ry. Co.*, 21 Utah 379, 60 P. 1021, 1025, 81 Am. St. Rep. 693, at page 703. Said the Court:

"Instructions on a material point in the case which are inconsistent or contradictory should not be given. The giving of such instructions is error, and a sufficient ground of reversal, because it is impossible, after verdict, to ascertain which instruction the jury followed, or what influence the erroneous instruction had in their deliberation. This has been so uniformly held that citations are unnecessary." See, also *Jensen* v. *Utah Ry. Co.*, 72 Utah 366, 270 P. 349 .

In 64 C. J. 671, § 600, the rule is thus stated:

"It is proper to refuse, and error to give conflicting and contradictory instructions, since a charge containing two distinct propositions

conflicting with each other tends so to confuse the jury as to prevent their rendition of an intelligent verdict, the jury cannot be required to determine what part of a contradictory charge is correct, or left to reconcile conflicting principles of law; it ordinarily cannot be determined from the verdict which rule was adopted by the jury, the court is left in doubt and uncertainty as to the facts actually found by the jury as a basis for its verdict, and where instructions are inconsistent with, or contradict, each other, it is usually impossible to say whether the jury were controlled by the one or the other."

The evidence in respect to defendant's guilt is conflicting. From the record we cannot say that defendant's guilt was the only result that could have been reached by the jury. The quantum of proof necessary for the jury to find before it might return a verdict of guilty is an important rule to guide the jury in its deliberations. Two variant rules in respect to the quantum of proof are set out in the court's charge, following either of which might lead to different results. In such circumstances the instructions are inherently defective and erroneous. And this is true, although we have in this case two of the instructions in the court's charge correctly telling the jury that before it may return a verdict of guilty, it must find defendant guilty beyond a reasonable doubt, and there is but one instruction which permits the jury to make the safe finding upon a mere preponderance of the evidence. It was impossible for the jury to decide which rule it was required to follow; and it is equally impossible for us to know which rule the jury did follow in arriving at its verdict. 14 R. C. L. 777, § 45.

No exception, however, was taken by counsel for defendant to instruction No. 8, heretofore quoted, or to any part thereof. It, however, is assigned as error. It appears from the record that the defendant changed counsel immediately after his conviction. Such counsel forthwith served and noticed written exceptions to alleged errors including instruction No. 8 of the court's charge, the whole thereof and to that part directing the jury to return a verdict of guilty if it "found from a preponderance of the evidence that the

offense charged was committed under substantially the conditions detailed by the witnesses of the State." These delayed exceptions were argued and presented to the learned trial judge on motion for a new trial. A new trial was denied.

We are most earnestly urged by counsel for defendant in their brief and oral argument to notice the error and correct it, notwithstanding no exceptions thereto were taken in the court below by the aggrieved party. Where plain and palpable error shows on the face of the record in respect to instructions given or refused, we have the authority so to do. In such case, the State has no right to hold the judgment and we think it is the clear duty of the court to notice the error and to correct it. *State* v. *Cobo*, 90 Utah 89, 60 P. (2d) 952.

The rule has been applied in capital cases and in cases of grave and serious offenses involving long terms of imprisonment. In the case in hand, the defendant was found guilty of but simple assault. But counsel urge upon us that the charge made against defendant was of such a nature that if proved would bring him into public contempt and disrepute of great intensity. A conviction of simple assault under such a charge partakes of the nature of a graver offense and entails the loss of friends and the respect of fellows. The error committed prevented his having a fair trial. We think, therefore, that we should notice the error, reverse the judgment and remand the cause for a new trial. The same principle was relied upon and applied in the case of *State* v. *Smith*, supra.

The judgment of the lower court is reversed and the cause is remanded to the district court of Utah county with instructions to grant a new trial.

FOLLAND, C. J., MOFFAT, J., and WADE, District Judge, concur.

WOLFE, Justice (concurring).

I concur in the results. I have doubt as to whether the offense of simple assault is included in the offense of taking indecent liberties. Section 105-34-6, R. S. 1933, reads:

"The jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense."

The test of whether one crime is necessarily included in another crime is not whether the information or even the evidence tends to show another crime was committed, but whether the greater crime by definition necessarily includes a lesser. This is tested by taking all the elements of the greater crime and as one or another is abstracted, to see if it necessarily leaves the elements remaining of a lesser crime. Taking indecent liberties with a young girl does not require the element of lack of consent. All that is required is the indecent touching of a person below a certain age. But plain assault requires absence of consent. Therefore, it may be necessary to introduce an element to prove the plain assault which was not required to be proved in the offense of taking indecent liberties with the child. I use assault in the way it is used in common parlance and not in its technical sense as used in section 103-7-1, R. S. 1933. A young person may consent to be touched and thus furnish a defense to plain assault, but even though she consents to be indecently touched, it will not furnish a defense. Consequently, the two offenses may not have common elements. The cases have unfortunately confused the matter. After stating the principle, some of them inject the statement that there was evidence which pointed to the lesser crime. See *People* v. *Spady,* 64 Cal. App. 567, 222 P. 191. Of course, even if a lesser offense is included in a greater, if there is no evidence to support a verdict of the lesser offense, it should be ruled out. If one person sent another a box of poisoned candy in order to cause his death, an instruction that the jury might convict the sender of voluntary manslaughter would be out of place. Other cases apparently holding that the elements constituting the lesser offense must all necessarily be included among the elements of the greater are: *State* v. *Woolman,* 84 Utah 23, 33 P. (2d) 640,

645, 93 A. L. R. 723; *Cochran* v. *State,* 4 Okl. Cr. 379, 111 P. 974; *In re McClane,* 129 Kan. 739, 284 P. 365 (where again the matter was confused by mentioning that the evidence showed the claimed included crime could not have been committed) ; *State* v. *Taylor,* 33 N. M. 35, 261 P. 808; *People* v. *Gomez,* 118 Cal. 326, 50 P. 427 (where again the court confused the point by reference to the evidence) In *State* v. *Woolman,* supra, it was held :

"The only way this matter may be determined is by discovering all of the elements required by the respective sections, comparing them and by a process of inclusion and exclusion, determine those common and those not common, and, if the greater offense includes all the legal and factual elements, it may safely be said that the greater includes the lesser; if, however, the lesser offense requires the inclusion of some necessary element or elements in order to cover the completed offense, not so included in the greater offense, then it may be safely said that the lesser is not necessarily included in the greater, or, stated otherwise."

It is doubtful in my mind whether the crime of plain assault can be included under this test in a charge of taking indecent liberties.

I think the inadvertent inclusion of the word "preponderance" in the instruction complained of was not prejudicial in view of the repeated emphasis on the true test contained in the other instructions as to not finding defendant guilty if they had a reasonable doubt about it. I agree, however, that permitting the jury to place the alleged acts of the defendant other than on the 20th of July and thus negativing the effect of the alibi, when there was no evidence to support any conclusion that it might have taken place on another day, was error. However, if there had been evidence that it could have been on another day or even at another place, if it was the act charged in the information, the fact that it would have thus negated defendant's alibi would not have prevented this instruction. Time and place are mainly for the purpose of identifying the act. If the evidence shows a different time or place, but it is apparent that it is the

same act and the defendant was not made to defend a different act and was sufficiently apprised by the complaint of the act on which the charge is based, he cannot complain because such evidence which varies the time and place from the information destroys his alibi. Of course, if the place shown by the evidence is in a different county, the prosecution fails. He still has every opportunity to put in defenses to the act charged, even though the evidence shows it to have happened at a different time and place. He may be granted a continuance on the plea of surprise. Even the requirement under the new criminal procedure that he must give the prosecutor notice of a defense of alibi does not, to my mind, tie the State strictly to the time and place mentioned in the information. Such notice is for the benefit of the State and not the defendant. As stated, if the evidence produces such a variance as to time and place as to put him to a disadvantage in his defense, he should be given time to prepare for the defense which such variances require.

LARSON, J., being disqualified, did not participate herein.