## STATE v. ARNOLD.

No. 5930.  Decided May 10, 1938.  (79 P. 2d 87.)

*Ira A. Huggins* of Ogden, for appellant.

*Joseph Chez,* Atty. Gen., and *Zelph S. Calder,* Deputy Atty. Gen., for the State.

LARSON, Justice.

Appellant was convicted in the district court of Weber county of the crime of assault with intent to commit rape, and appeals.  No assignments of error have been filed in this court.  None are found in the records from the court below, nor in the files here.  No assignments, as such, are printed in the abstract nor in the briefs, and none are referred to by appellant in oral or written arguments.  No claimed errors being assigned, we are at a loss to understand or determine what matters or points we are to pass upon, what rulings of the trial court we are to review.  Rule VI of this court provides, inter alia:

"The appellant shall assign errors in writing subscribed by himself or his counsel, and shall serve a copy thereof on the respondent or his counsel, and file the original with the Clerk of this Court within fifteen days from the filing of the transcript of the record on appeal. * * *"

"Each alleged error shall be separately stated. * * *

"The assignments of the appellant shall be set forth in the abstract, together with references to the pages in the transcript and abstract where the rulings and exceptions pertaining thereto appear. * * *"

No attempt has been made to comply with this rule in any particular. This being a criminal case, we have carefully and critically read and examined the entire record and the transcript, as well as the abstract and briefs of counsel to ascertain if there are any errors of such serious nature as to suggest that we take note of them though not assigned and argued. *State* v. *Cobo,* 90 Utah 89, 60 P. 2d 952; *State* v. *Waid,* 92 Utah 297, 67 P. 2d 647. But we find no such error. There is evidence to sustain the verdict of the jury, and the record reveals no palpable error. Since there are no assignments of error, there are no specific points or questions for us to review or pass upon. There being nothing to which we can direct a discussion, a mere multiplication of words is not enlightening.

The judgment appealed from is affirmed.

FOLLAND, C. J., and HANSON, MOFFAT, and WOLFE, JJ., concur.