474 P.2d 735

The STATE of Utah, Plaintiff and
Respondent,

v.

Richard Irving ANDERSON, Perry Allan
Holmes, and Clinton E. Roberts, De-
fendants and Appellant.

No. 12140.

Supreme Court of Utah.

Sept. 28, 1970.

Strong & Hanni, Wendell E. Bennett,
Salt Lake City, (not trial counsel), for ap-
pellant.

Vernon B. Romney, Atty. Gen., Lauren
N. Beasley, David S. Young, Asst. Attys.
Gen., Salt Lake City, for plaintiff and re-
spondent.

CALLISTER, Justice:

Defendant Clinton E. Roberts was con-
victed upon a jury verdict of the crime of
grand larceny and was sentenced to a term
in the state prison as provided by law. De-
fendant's sole point on appeal is that the
exclusion of his alibi witness on the ground
that the notice of alibi was insufficient con-
stituted an abuse of discretion by the trial
court and was reversible error.

Section 77–22–17, U.C.A.1953, provides:

Whenever a defendant shall propose
to offer in his defense evidence to estab-
lish an alibi on behalf of the defendant,
such defendant shall at the time of ar-
raignment or within ten days thereafter,
but not less than four days before the

trial of such cause, file and serve upon the prosecuting attorney in such cause, notice in writing of his intention to claim such defense, and in case of a claimed alibi, *such notice shall include specific information as to the place at which the accused claims to have been at the time of the alleged offense.*

If the defendant fails to file *such notice* he shall not be entitled to introduce evidence tending to establish an alibi. The court may, however, permit such evidence to be introduced where *good cause* for failure to file the notice has been made to appear. [Emphasis added.]

█ This statute expresses a legislative recognition that the defense of alibi might lend itself to fraud and perjury. The provisions clearly indicate a purpose to erect safeguards against the wrongful use of the defense of abili and to give the prosecution time and information to investigate the merits of such defense.[1]

█ Section 77–22–17, U.C.A.1953, not only specified the time within which the notice must be filed but the requisite information which must be included therein. A failure to comply with all of the provisions forecloses the defendant from introducing evidence tending to establish an alibi. However, the statute does grant the trial court discretion to permit such evidence where *good cause* is shown why the defense failed to file the required notice.

In the instant action the defendant's then counsel, who represented him at trial, filed a notice of alibi which stated:

Comes now the Defendant above named and hereby gives notice of his intention to present the defense of alibi at the trial of the above-entitled cause.

During the course of the trial, the defense called the alibi witness. The prosecution requested permission to make a motion in the absence of the jury. The court excused the jury, and the prosecution moved that the testimony of the witness, insofar as it concerned corroboration of defendant's alibi, be excluded on the ground that the notice did not state the nature of the alibi as required by law. The trial court then directed defense counsel's attention to the second paragraph of the statute and stated:

Well, the Court is not going to preclude you from making any explanation. I was trying to find out if there was any good cause shown.

Defense counsel responded:

No good cause is shown.

The court then pursued the matter in an effort to aid defense counsel and queried whether the defense had any cases that

---

1. State v. Waid, 92 Utah 297, 306, 67 P.2d 647 (1937); State v. Whitely, 100 Utah 14, 19, 110 P.2d 337 (1941).

would permit the defense to offer the testimony in view of the notice served. Defense counsel responded in the negative. The court queried whether the defense counsel had read the annotation in 30 A.L.R.2d 476; counsel replied in the negative. Thereupon the court recessed the proceedings to give counsel an opportunity to read the leading case and following annotation. The court reconvened and requested that defense counsel respond; whereupon, he stated:

I have decided, your Honor, that I haven't complied with the statute and I am not entitled to call Mr. Kinsey for the purpose for which I intended to call him.

From the foregoing we must conclude that there is no ground upon which this court could predicate a determination that the trial court had abused the discretion conferred upon it by Section 77–22–17, U.C.A.1953. The judgment of the trial court is affirmed.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.